RUFUS PICKERING *vs.* MARTHA J. GREENWOOD.

The construction of a written contract is for the court; and where such a contract provides expressly for the doing of work before a given time, time is of its essence; and no work having been done before that time, a subsequent offer to perform will give no right to compensation.

CONTRACT to recover $2000 upon a written agreement, by which the plaintiff contracted with the defendant for that sum to " fit up with granite a burying lot in Reading Cemetery " according to certain specifications, " all of said work to be done except the urns on or before December 1, 1871."    The declaration contained also a count for work done and materials furnished.

At the trial in this court, before *Colt*, J., the plaintiff offered evidence tending to show an oral extension of the time mentioned in the contract for doing all the work except the urns, and the defendant offered evidence tending to show that there was no extension.    It was agreed that there was no offer to deliver the

stones and no readiness to perform the contract until May, 1872. The plaintiff's counsel attempted to argue to the jury, and asked the court so to instruct them, that by the terms of the contract, even if there was no extension of time or waiver of its provisions, the plaintiff was not bound to have everything except the urns done by December 1, 1871, or lose all he had done under the contract, but would have a reasonable time thereafter to complete the same; that it was a question of fact for the jury to determine what was a reasonable time after December 1, 1871, to complete the work, taking into view all the circumstances.

But the court told the plaintiff's counsel that he need not argue that proposition to the jury; that it was not a question for the jury, but was for the court; that he should instruct the jury, and he did instruct them, that, under the written contract, if they were satisfied there was no extension of the time for the performance of the work beyond the time mentioned in the contract, the plaintiff could not recover. In reply to a written question put to them by the court, the jury answered that there was no extension of the time beyond December 1, 1871, and found for the defendant; and the plaintiff alleged exceptions.

*G. A. Somerby & L. W. Osgood,* for the plaintiff.

*G. Stevens & W. H. Anderson,* for the defendant.

ENDICOTT, J. The written contract on which this action is brought contains the express provision that all the work agreed to be done upon the defendant's lot in Reading Cemetery was to be completed, except the urns, on or before December 1, 1871. It was not done at that time; there was no offer to do it until May, 1872; it does not appear that any work was ever done on the lot by the plaintiff; and the jury found that there was no extension of the time beyond December 1.

The time being stated in the contract when the work should be finished, it was of the essence of the contract, and the work must be performed within that period.

It was for the court to decide upon the construction of the contract, and it was not for the jury to determine what was a reasonable time after December 1 for the completion of the work. *Quarles* v. *George,* 23 Pick. 400. *Smith* v. *Faulkner,* 12 Gray 251.

This is not a case where, upon failure to perform the contract as stipulated, the plaintiff can recover on a *quantum meruit*. None of the materials were furnished, and none of the labor was performed on the lot; the defendant received no benefit whatevei for which he can be called upon to pay, and the .case is clearly within the exceptions stated to the rule as laid down in *Hayward* v. *Leonard*, 7 Pick. 181. *Exceptions overruled.*