NEW ENGLAND CONCRETE CONSTRUCTION COMPANY *vs.* SHEPARD AND MORSE LUMBER COMPANY.

Suffolk.   November 30, 1914. — February 24, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Contract,* Performance and breach, Construction.

In an action against a lumber company for the non-performance of a contract to manufacture and furnish for delivery on a certain day fifty-eight thousand feet of maple flooring, where the contract contains a provision that "All contracts are contingent upon strikes, fires, breakage of machinery, perils of navigation and all other causes beyond our control," and it is found on evidence warranting such a finding that time was an essential part of the contract, proof by the defendant of the destruction of its lumber mill by fire which made impossible the performance of the contract in accordance with its terms is a complete defence to the action; the contract not being an absolute one to furnish the flooring to the plaintiff but only a contract to furnish it if certain contingencies did not occur, including the contingency of fires, and there being no obligation upon the defendant to show that the fire that destroyed the mill was beyond its control, the words "beyond our control" in the clause above quoted referring to the words "other causes" immediately preceding them and not limiting the contingency of fires.

CROSBY, J.   The contract upon which this action is brought arises from certain letters and an "order slip" delivered to the plaintiff by the defendant. By the terms of the contract the defendant agreed to manufacture and furnish the plaintiff fifty-eight thousand feet of No. 1 maple flooring, in accordance with certain specifications, for the sum of $37.50 per thousand, delivered at Salem, Massachusetts. "Delivery to be made about June 1, next."

The defendant, in its letter to the plaintiff dated January 14, 1913, states: "We will forward the order to our Burlington,

Vermont, mill and will make preparations to have it filled as requested." The fair inference from this evidence is that the flooring so to be furnished by the defendant was to be manufactured by it at its mill in Burlington, Vermont; at least the presiding judge before whom the case was tried without a jury could have found so.

The contract contained a further provision that "All contracts are contingent upon strikes, fires, breakage of machinery, perils of navigation and all other causes beyond our control." The evidence shows that on February 19, 1913, and before any of the flooring had been manufactured or delivered to the plaintiff, the defendant's mill at Burlington was destroyed by fire; that the defendant duly notified the plaintiff by letter of that fact and of its inability for that reason to carry out the contract.

The agreement is not an absolute contract by which the defendant agreed to furnish the flooring to the plaintiff, but was subject to certain conditions, including the condition that the contract was contingent upon fires; that is to say, the defendant was excused from performance in the event of the happening of any of the contingencies set forth in the contract. *Davis* v. *Columbia Coal Mining Co.* 170 Mass. 391.

The effect of this clause was not to extend the time of performance beyond the time limit, but wholly to relieve the plaintiff from the obligation to furnish the flooring called for by the contract. *Metropolitan Coal Co.* v. *Billings*, 202 Mass. 457, 462.

The plaintiff contends that the word "fires" in the clause in question is to be construed in connection with the phrase "and all other causes beyond our control," and that the last clause qualifies the other causes enumerated so that the word "fires" means "fires beyond the control of the defendant," and that the burden of proof was upon the defendant to show that the fire which occurred was beyond its control. We do not agree with this construction of the fire and strike clause. The language used is clear and free from ambiguity, and interpreting the words according to their natural and ordinary meaning, we are of opinion that the contingency of fires is independent of and distinct from all other causes enumerated, and cannot be construed as "fires beyond the control of the defendant."

The mill having been destroyed by fire, the defendant is wholly

relieved from performance; at least, in the absence of evidence to show that the fire was the result of its wilful and intentional wrong, or of that of its servants or agents.

The case at bar is to be distinguished from such cases as *Oakman* v. *Boyce,* 100 Mass. 477; *Garfield & Proctor Coal Co.* v. *Pennsylvania Coal & Coke Co.* 199 Mass. 22; and *Metropolitan Coal Co.* v. *Billings,* 202 Mass. 457, all of which cases involved the construction of strike clauses in contracts for the sale and delivery of coal, but where the contracts, properly construed, did not excuse performance absolutely, and where it was held that coal companies were required to make reasonable efforts to fulfil the contracts notwithstanding strikes.

There was evidence to show that the defendant was a lessee of its mill in Burlington which its lessor was under no legal obligation to rebuild after the fire; that the defendant had no other mill where the flooring could have been manufactured, and that it could not have been furnished to the defendant, had the mill been rebuilt, until the latter part of June, 1913.

Whether the contract is to be construed as requiring the defendant to deliver the flooring about June first, or "as required, probably shortly after June first," we are of opinion that upon all the evidence it could have been found that time was an essential part of the contract and was so contemplated by the parties; and the judge was warranted in finding that by reason of the destruction of the mill by fire it was impossible for the defendant to perform the contract according to its terms. *Pickering* v. *Greenwood,* 114 Mass. 479.

We perceive no error in the manner in which the presiding judge dealt with the requests for rulings, and are of opinion that the finding was warranted.

*Exceptions overruled.*

*W. H. Garland,* for the plaintiff.
*H. Williams, Jr.,* for the defendant.