Nash, C. J.
 

 The contract is a special one, executory in its character, and entire. It is admitted that the plaintiffs cannot recover on the special count; neither can they on the merits of this case on the
 
 quantum meruit.
 
 Die contract being an entire one, performance' .on the part of the plaintiffs, was a condition precedent, necessary to be averred in the declaration, and proved as averred, unless the other contracting parties have discharged them from the performance. If the plaintiffs do not aver performance, or a readiness to perform, they can recover, neither on the special contract, nor on the
 
 *184
 

 quantum meruit. Winstead
 
 v.
 
 Reid,
 
 Busbee 76, and
 
 Cutter v.
 
 Powell, 6 Term Rep. 320 ;
 
 White
 
 v.
 
 Brown & Son,
 
 2 Jones’ 403. The contract in this case was, that the race should be completed in five months after the date of the contract, of a certain length, depth and breadth. A portion only of the race was cut; and, after working three months, the plaintiffs abandoned the work, and it was completed by the defendants. Here, time was of the essence of the contract, and the plaintiffs failed to bring themselves within it. It is said the plaintiffs were sick most of the time, and are, therefore, to be excused, under the maxim,
 
 aetus Bei nemini faeit
 
 injuriam/ but the sickness of the plaintiffs did not render it impossible for them to execute their contract, ás they might and ought to have procured the work to be done.
 

 It is again said, that the defendants received the work as it had been executed, and, therefore, they are bound under the 2nd count. The reply is, that the work which the plaintiffs had contracted to do, was necessary to the enjoyment, by the defendants, of the property to which it was appurtenant, to wit, the mill; that the defendants were obliged to use that portion of the race dug by the plaintiffs, in order to put their mill into operation; it could not be removed, nor could it be cut in any other place, to answer the purpose for which it ivas intended. If such was the fact, it -was incumbent on the plaintiffs to have shown it. Ve do not think that case comes within'the principle, that where there is a special contract for work to bo done, and it is done, but not in accordance with the contract, and is received by the person for whom it is executed, he shall pay, not on the special contract, but on a
 
 quantum meruit.
 
 Here, the work was but partially done, and the plaintiffs abandoned it before completion. As to the conversation between the parlies, at the time the demand of payment.was made, it can, in no sense, sustain the 2nd count in the declaration. There was, on the part of the defendants, an express denial of any liability ; for they asserted that they had paid the plaintiffs more than their work was worth. There was, in
 
 *185
 
 fact, no acceptance
 
 by
 
 tlie defendants, of the work -done. There was error in tlie charge.
 

 Pee Cueiam.
 

 'Tlie judgment is reversed, and a
 
 venire cie novo
 
 awarded.