WILLIAM DUCKER v. MOSES COCHRANE.

*Contract.*

A party to a contract, cannot maintain an action for its breach without averring and proving a performance of his own antecedent obligations arising on the contract, or some legal excuse for a non-performance thereof, or, if the stipulations are concurrent, his readiness and ability to perform them.

(*Dula* v. *Cowles,* 2 Jones, 454; *Niblett* v. *Herring,* 4 Jones, 262; *Jones* v. *Mial,* 79 N. C., 164; *Ibid.,* 82 N. C., 252, cited and approved).

CIVIL ACTION, tried on appeal from a justice of the peace, before *Graves, Judge,* and a jury, at Spring Term, 1883, of BUNCOMBE Superior Court.

The facts appear in the opinion.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Mr. C. A. Moore,* for the plaintiff.
No counsel for the defendant.

SMITH, C. J. The plaintiff's action is for the recovery of damages for an assigned breach of contract, commenced before a justice, and removed by appeal to the Superior Court of Buncombe. Under the charge of the Court a verdict was there rendered for the defendant, and the plaintiff's appeal brings up for revision the correctness in law of the instructions given to the jury, and by which they were guided in arriving at their conclusion upon the evidence.

The contract is differently represented by the witnesses examined as to its terms.

The plaintiff's witness, J. A. Lance, testified that he had entered into an agreement with one Westfelt, to furnish him with 3,000 feet of locust lumber, at the price of $35 for each thousand feet, and that in order to its execution he contracted with the plaintiff and defendant, that the first should cut and deliver logs at the defendant's saw-mill, in quantities sufficient to produce 2,000 feet—1,000 feet for each month; and that the defendant should saw the logs at the price of 50 cents per hundred feet, which were then to be conveyed by the witness and delivered to Westfelt, he receiving for the carriage at the rate of two-thirds of a dollar for each hundred feet so delivered. The residue of the money paid by Westfelt, after these deductions, was to be paid to the plaintiff. The cutting, sawing and hauling the remaining 1,000 feet to Westfelt was the subject of a separate and distinct arrangement between the witness and defendant, to which plaintiff was not a party, and in the performance of which he had no interest.

The plaintiff describes the agreement as made between all three, to be carried into effect in the manner described by his own witness, the money paid for which was to be distributed by Lance among the several parties according to their respective shares, as already explained.

The defendant's evidence was that Lance proposed to him to contract for the delivery of the 3,000 feet of sound locust plank, which he declined, saying that if the plaintiff would supply the

logs for the first two months, he would supply the necessary number for the third month, and saw and deliver all at the mill to fulfil the contract entered into with Westfelt.

The plaintiff admits that he did not comply with his engagement, and says :

"I was to furnish logs to make 1,000 feet per month. I do not think I furnished as much as 1,000 feet of logs the first month. * * * * * * In the second month I do not know that I furnished 1,000 feet of logs."

The defendant states that the plaintiff's first delivery of logs at his mill was a month after the contract with Westfelt, and the last on December 3; that he sawed 896 feet; that Lance told him not to take any more lumber; that he had logs brought and was ready to comply; that after his refusal to let Lance have more plank, he told the defendant that Westfelt had cut him out of his contract; and that by reason of Ducker's not putting in his 2,000 feet he lost his contract.

This is a sufficient statement of the testimony as bearing upon the contested matter of the plaintiff's performance of his own stipulation, and we omit what transpired in reference to the defendant's refusal to proceed further under the original agreement, and requiring as a condition of further deliveries, that plank of an inferior quality, made from logs previously sent there, should be received.

1. The plaintiff insisted that time was not of the essence of the contract, and though the jury might find that the logs were not delivered in two months, yet the plaintiff should recover, if the defendant refused to deliver the lumber unless paid for those which were rotten.

2. That upon the whole evidence the plaintiff should recover.

The Court charged the jury that unless they should find that the plaintiff delivered logs sufficient to produce 1,000 feet of sawed lumber each month for two months after the date of the contract, the plaintiff could not recover, and they would find for the defendant; that unless the jury found that the plaintiff fully

and promptly complied with the contract on his part, the plaintiff could not recover from the defendant.

To this instruction the plaintiff excepts, insisting upon his right of recovery in any aspect of the testimony.

We are at a loss to discover any reasonable ground of objection to the proposition of law enunciated in the charge. The action is not to recover compensation for goods sold or services rendered upon a partial performance of an agreement, which has enured to the defendant's benefit, so as to come under the rigid rule, which, when full compliance is wilfully refused, refuses any remuneration therefor. *Dula* v. *Cowles*, 2 Jones, 454; *Niblett* v. *Herring*, 4 Jones, 262.

Its object is to compel the payment of damages for the breach of an executory contract which had been previously violated by the plaintiff himself, and that when the performance by the defendant of his stipulations were dependent upon the performance of those resting on the plaintiff. Unless the logs were delivered, the defendant could not saw them within the limited time, and hence, the requirements of the contract with Westfelt would not be met, and its expected benefit would be lost. Certainly the defendant was not obliged to wait the convenience of the plaintiff, and his dereliction absolved the defendant from his obligations, as it defeated the object of their arrangement. The proposition is too plain to need any reference to authority in its support, that a party to a contract cannot maintain an action against another for its breach, without averring and proving a performance of his own antecedent obligation, or some legal excuse for a non-performance, or if the stipulations are concurrent, his readiness and ability to perform them. *Jones* v. *Mial*, 79 N. C., 164; same case, re-heard, 82 N. C., 252. In the present case, the delivery of the logs at the mill was indispensable to their being sawed into plank, and the delivery of the plank to Westfelt in the quantities and within the time prescribed was necessary in holding him to his contract. It is a novel idea that time is immaterial, when it is made an essential condition in the contract, and as the non-

compliance of Lance with his agreed terms of delivery releases Westfelt from his obligation to accept the lumber, so the plaintiff's neglect to deliver to the defendant, which thus disables him, releases him also from all obligation to the plaintiff.

Assuming the plaintiff's failure to deliver in time, he certainly cannot complain of the defendant's refusal to proceed with his agreement to saw, and the law was correctly laid down in the instructions given to the jury.

There is no error, and the judgment must be affirmed.

No error. Affirmed.