TUSSEY v. OWEN.

(Filed November 7, 1905).

*Contracts—Performance by Plaintiff—Pleadings—Issues— Burden of Proof—Evidence—Recovery on Specific Contract—Quantum Meruit.*

1. In an action to recover on a specific contract for services rendered to the testator, where the complaint failed to allege in specific terms that the plaintiff fully performed the contract on her part, or that she was prevented from performing it by the testator, or by those authorized to act for him, it should be redrafted as to those particulars or properly amended.

2. In an action to recover on a specific contract for services rendered by plaintiff to her father, the proper issue as to amount of recovery is "what sum, if any, is plaintiff entitled to recover."

3. Although the breach of a specific contract for services rendered to the testator is admitted by the answer, the burden is still on the plaintiff to establish the performance of it on her part, or else that she was prevented from performing it by the testator or those acting for him.

4. Where the plaintiff agreed to remain with her father and work for him during his life time, and in consideration thereof he agreed to devise her one-fourth of his estate, evidence that fifteen months before his death, the plaintiff married and removed to another State, is an abandonment of the contract, and she could only recover on the contract by showing some legal excuse for non-performance, and her testimony that she did not go back after she got married, they did not want her to go back, would not justify a finding that she was prevented by her father from performing the contract.

5. A party to a contract cannot maintain an action for its breach without averring and proving a performance of his own antecedent obligations arising on the contract, or some legal excuse for a non-performance thereof.

6. While in some cases, a recovery is permitted upon a *quantum meruit*, when a recovery could not be had upon the contract for the contract price, yet no recovery can be had for the contract price unless the contract has been performed.

ACTION by Della Tussey and her husband against L. A. Owen, Executor of Anderson Owen, deceased, heard by *Judge B. F. Long* and a jury, at the August Term, 1905, of the Superior Court of DAVIDSON County.

This is an action to recover on a specific contract or agreement set out in the complaint for services rendered by plaintiff Della, to her father, Anderson Owen. The material allegations of the complaint are denied in the answer. The issues and responses were as follows:

1. "Did the testator, Anderson Owen, make the agreement with the plaintiff, Della Owner, to pay her at his death for her services as alleged in the complaint? Answer. Yes.

2. "Did the plaintiff, Della, render the services to her father agreeably to said contract as alleged in the complaint? Answer. Yes.

3. "What, if any, is the value of such services? Answer. $1,500."

From the judgment rendered, the defendant appealed.

*Watson, Buxton & Watson* and *Walser & Walser* for the plaintiffs.

*E. E. Raper* for the defendant.

Brown, J. The cause of action as stated in the complaint, as well as by counsel for plaintiff on the argument, is substantially that plaintiff, Della Tussey, the daughter of Anderson Owen, she being then of age, and unmarried, agreed to remain with her father and work for him during his life time and that in consideration thereof he agreed that at his death he would devise her one-fourth of all his lands and personal estate; that she performed the contract on her part and that her father made a will carrying out the contract on his part, but afterwards added a codicil in which he revoked the will so far as he had willed the said property to the *feme* plaintiff, and devised all his estate to his wife and his two sons, thereby failing to carry out the contract.

The complaint fails to allege in specific terms that the *feme* plaintiff fully performed the contract upon her part or that she was prevented from performing it by the testator or by those duly authorized to act for him. Therefore if it is deemed advisable to try this case again, the complaint should be redrafted as to those particulars or properly amended. There is some objection to the form of the third issue. It should be, "What sum, if any, is plaintiff entitled to recover?"

If the contract, as alleged in the complaint, be established, its breach is admitted by the facts stated in section 6 of the answer, but the burden is still on the plaintiff to establish the performance of it on her part, or else that she was prevented from performing it by the testator, or those acting for him.

That the *feme* plaintiff, Della, did not perform the contract is fully established by all the evidence, including her own. A fair interpretation of the contract set out required her to remain with her father and serve him until his death, as he was old and afflicted. She failed to do that. On the contrary she was married March 11, 1903, and immediately removed to Chattanooga, and returned only after her father died. He lived for fifteen months after her marriage and removal to Chattanooga and only added the codicil to his will after that event, viz., on January 18, 1904. In view of these facts the plaintiff can only recover upon the contract by showing some legal excuse; as that she was prevented from performing the contract by her father or those authorized to act for him. As the marriage and removal to Chattanooga were voluntary acts upon her part, the evidence that she was prevented from performing the contract would have to antedate such events, so as to justify her apparent abandonment of it. The *feme* plaintiff testified: "I did not go back after I got married. They did not want me to go back." That statement alone would not justify a finding that she was prevented by her father from performing the contract.

The pleadings have been framed and the case tried upon the theory that a specific contract (not an implied one) had been entered into between the plaintiff and her father; that she performed it, and that there was a breach of it upon his part. Therefore it is unnecessary to review the numerous cases which have come before this court as to when a contract will be implied between parent and child, that the former will pay the services rendered by the latter after attaining full age. The jury have found the first issue as to the agreement in favor of the plaintiff, and there was evidence to support such finding. But the record fails to disclose any evidence whatever to justify the response to the second issue, to-wit: that she performed the contract upon her part. "The proposition is too plain to need any reference to authority in its

support, that a party to a contract cannot maintain an action for its breach without averring and proving a performance of his own antecedent obligations arising on the contract, or some legal excuse for a non-performance thereof." *Smith, C. J.,* in *Ducker v. Cochrane,* 92 N. C., 597.

His Honor instructed the jury: "If you find that the contract was that he would pay her one-fourth of his estate at his death for her services, you will consider all the evidence offered on that question and determine what the value of the one-fourth of the estate is, and make your answer to the third issue from the facts as you find them to be." The defendant excepted. This instruction cannot be sustained in view of the fact that the plaintiff failed to perform the contract. Under the form of the third issue, it is practically a judicial determination that the value of her services equals one-fourth of the testator's estate.

There is a class of cases, where under some circumstances the rigor of the common law rule has been relaxed, and a person has been permitted to recover the actual value of his services, although failing to perform the entire contract on his part. In some cases, the law implies a promise to pay such remuneration as the benefit conferred is really worth. *Dumalt v. Jones,* 23 Howard, U. S., 220. But we know of no authority to support the claim that the plaintiff could recover the full contract price, unless she had performed the contract. *Chief Justice Smith* quotes a number of such cases in *Chamblee v. Baker,* 95 N. C., 100, but he also quotes with approval from the opinion in *Munroe v. Phillips,* 8 Ellis & *Black,* 739: "The inclination of the courts is to relax the stringent rule of the common law, which allows no recovery upon a special unperformed contract, nor for the value of the work done, because the special includes an implied contract to pay. In such case, if the party has derived any benefit from the labor done, it would be unjust to allow him to retain that without paying anything. Accordingly, restrictions

are imposed upon the general rule, and it is confined to contracts entire and indivisible, and when by the nature of the agreement, or by *express* provision, nothing is to be paid *till all is performed.*"

The general rule is laid down in *Cutler v. Powell,* 2 Smith L. C., 1: "But if there has been an entire executory contract and the plaintiff has performed a part of it, and then wilfully refuses without legal excuse, and against the defendant's consent, to perform the rest, he can recover nothing, either in general or special *assumpsit.*" This rule has been repeatedly recognized and acted on by this court. *Thigpen v. Leigh,* 93 N. C., 47; *Lawrence v. Hester, Ibid,* 79.

Some of the cases cited may have been modified so as to permit a recovery upon a *quantum meruit,* when a recovery could not be had upon the contract for the contract price.

But the authorities are uniform that no recovery can be had for the contract price unless the contract has been performed and that is the ground upon which we put our decision.

For these reasons we think the motion to nonsuit should have been allowed.

Error.