## CORINTHIAN LODGE v. SMITH & BAKER.

(Filed 1 April, 1908).

**1. Contracts — Breach — Condition Precedent — Legal Excuse — Liability.**

A party to a contract cannot maintain an action for its breach without averring and proving a performance of his own antecedent obligations arising on the contract or some legal excuse for a nonperformance, when the stipulations are not concurrent.

**2. Contracts, Executory — Conditions Precedent — Strict Compliance — Liability.**

When the conditions imposed upon the plaintiff, in an action to recover of defendant damages for his nonperformance of an executory contract, are in the nature of conditions precedent, a strict compliance therewith may be insisted on by defendant in bar of a recovery.

**3. Same — Waiver.**

Plaintiff and defendants entered into an executory contract that defendants would rent a store in a building of plaintiff's, then under construction, to be completed, heated with steam heat and ready for occupation by 1 January following. The building was not completed when contracted to be, and for some time after 1 January was heated by two stoves. Plaintiff informed defendants in December that the store would not be ready by 1 January. Defendants were merchants, doing a retail business, for which the store was to have been used: *Held*, (1) that plaintiff could not recover damages on account of defendants' refusal to take the store when not completed as and at the time agreed upon; (2) that the information given beforehand that the store would not be completed 1 January does not affect the question, in the absence of some act or thing done by the defendants amounting to a waiver of their right of demand for a strict performance of the contract.

(The difference between this and a "builder's contract," in its accepted meaning, and the liability under the latter, discussed and distinguished by HOKE, J.).

ACTION tried before *Neal, J.,* and a jury, at October Term, 1907, of EDGECOMBE.

There was evidence tending to show that plaintiff lodge, in 1904, was erecting a Masonic temple for the use of the order in the town of Rocky Mount, N. C., and intended to prepare

the first floor, 25 x 130 feet, to rent as a storeroom for mer-
cantile purpose, and, pending the construction of the building,
plaintiff entered into a contract with defendants to rent them
the store for one year, with privilege of renewal, at the con-
tract price of $700 per year, to commence 1 January, 1905;
that defendants failed and refused to take the store as agreed
upon, to plaintiff's damage $375. Defendants admitted that
they had entered into an executory contract to lease the store;
that they had refused to take the same, and justified their
action on the alleged ground that the contract stipulated that
plaintiff was to fit up and furnish the storeroom and have
same provided with steam heat; with awnings at either end of
store, same having two fronts; with oak counters, grained;
have sidewalks in front of each end of store paved; and all
to be completed and ready for occupation by 1 January, 1905;
and that plaintiff had totally failed to comply with these
requirements of the contract. On the trial there was conflict
of testimony as to other terms of the contract and compliance
with the same, but the evidence of both parties was to the
effect that the storeroom was to be steam-heated and ready for
occupation by 1 January, 1905; that the steam heat was not
ready at that time, but the heat was turned on some time
between the 5th and the 10th of January; that two stoves had
been put in the building to supply heat for the workmen and
then for use by defendants. H. E. Brewer, a witness for
plaintiff, and one of the trustees, said that he told defendant
Smith as early as 1 December that they could not get the heat
in by 1 January, and he made no reply. At the close of the
testimony his Honor stated to the counsel for plaintiff that
he would instruct the jury "that, if they should find from the
evidence that the contract between the plaintiff and the de-
fendants was that plaintiff was to have the store steam-heated,
completed and ready for occupancy by 1 January, 1905, and
did not have said store steam-heated on that day according to
contract, but had it heated by two stoves, to answer the first

issue 'No,' and this would be so notwithstanding the plaintiff had stated to the defendant Smith, some time in December, 1904, that the plaintiff could not have the store steam-heated by 1 January, to which statement the said Smith made no reply; and if you so find the facts, then this would be the law, notwithstanding all else that appears in the evidence." In deference to this intimation the plaintiff submitted to a non-suit and appealed.

*Gilliam & Bassett* for plaintiff.
*G. M. T. Fountain* for defendants.

HOKE, J., after stating the case: In *Ducker v. Cochrane,* 92 N. C., 597, the Court held "that one party to a contract cannot maintain an action for its breach without averring and proving a performance of his own antecedent obligations arising on the contract or some legal excuse for a nonperformance thereof or, if the stipulations are concurrent, his readiness and ability to perform them." This principle has been recognized and applied by us in many well-considered cases. *Tussey v. Owen,* 139 N. C., 457; *Jones v. Mial,* 79 N. C., 164, modified, but not on this point, in 82 N. C., 252; *Niblett v. Herring,* 49 N. C., 262; *Grandy v. McCleese,* 47 N. C., 142. And it is also well established that when the stipulations imposed by such a contract on the complaining party are in the nature of conditions precedent a strict compliance may be insisted on. *Mizell v. Burnett,* 49 N. C., 249; *Norrington v. Wright,* 115 U. S., 188; *Oakley v. Morton,* 11 N. Y., 25; *Pickering v. Greenwood,* 114 Mass., 479.

A correct application of the principles upheld in these cases fully sustains the charge as proposed by his Honor, and in our opinion there is nothing presented here which would justify the Court in holding that substantial compliance had been shown or that time was not of the essence. The testimony is to the effect that defendants were merchants having an established business in the town of Rocky Mount, and they

agreed to take a lease of plaintiff's storeroom if it was furnished with steam heat and ready for occupation in this and other specified particulars by 1 January, 1905. They were not called on to accept two stoves as a substitute for the steam heat for which they had contracted, and they were not required to enter in the occupation of an unfinished storeroom without knowing how long such a condition would continue—a condition that might subject themselves and customers to much annoyance and possibly result in a substantial falling off of their trade. They had made a careful contract, provident against any serious interruption of their business by reason of the contemplated move, and they had a right to insist that its terms be complied with in the specified particulars and within the specified time. Nor are defendants estopped from maintaining this defense by the fact that one of plaintiff's trustees told one of defendants, on or about 1 December, 1904, that plaintiff would not be able to complete the store within the time allowed. There is no testimony offered that at that time or afterwards defendants gave any directions about the work or assumed any authority over it or gave indication in any way that they waived their right to demand a strict performance of the contract; and there is nothing in this occurrence, therefore, which prevents them from setting up the defense on which they insist.

The doctrine which we hold to be controlling on the facts of this appeal is modified to some extent by a line of cases which establishes the principle that, when "one party has performed the contract in a substantial part and the other party has accepted and had the benefit of the part performance, the latter may under certain circumstances be precluded from relying on the performance of the residue as a condition precedent to his liability." Beach Law Modern Contracts (Vol. I), sec. 107; 9 Cyc., p. 645. This principle more usually obtains in the case of building contracts, when the owner or proprietor of a house that has been built or substan-

tially completed by another has entered into the possession and use of his building. In such case, owing to the great hardship and injustice that would frequently arise by a strict application of the general rule, the courts are disposed to lay hold of slight circumstance as justifying the modification suggested and apply the principle stated in Beach Modern Law of Contracts, as follows: Section 108—"Where a building is erected upon and becomes a part of the realty of the owner, and, although defective in some respects, is of real and substantial value to the owner, the contractor can recover the value of his work, less the damages to the other party, for a failure to comply with the terms of the agreement." But the facts of this case do not call for or permit the application of the principle referred to. The defendants have never entered in possession of this storeroom, nor have they received or enjoyed the benefit of any labor or expenditure on the part of plaintiff. On the contrary, they insist that, by reason of plaintiff's failure to comply with antecedent conditions, they are not called on to take the plaintiff's store and they are not responsible in damages for refusing to do so. While the contract is about a building, it is in no sense a building contract within the meaning of the principle which plaintiff seeks to invoke, but as between these parties it is an ordinary business contract, governed by the general principles stated at the outset and decisive of the question presented in defendants' favor.

There is no error and the judgment below is affirmed.

No Error.