### W. H. HEARNE v. M. E. PERRY ET ALS.

(Filed 24 September, 1919.)

**Contracts — Deeds and Conveyances — Timber—Period for Cutting—Commencement—Breach Enforcement.**

> Where a contract for the cutting of timber allows a certain period of time in which the timber may be cut, etc., and provides that the time therefor shall commence after allowing a reasonable time for the grantee to finish cutting on his then location: *Held,* the provision as to the time within which the grantee shall commence to cut the timber is a material and enforceable one, and the grantee may not maintain his action to enforce his contract when it appears that he cut the timber upon other lands after he had finished cutting upon the lands allowed by the contract, and that he made no move to cut the timber upon the defendant's lands until eighteen months after the contract sued on was executed.

APPEAL by plaintiff from *Kerr, J.,* at December Special Term, 1918, of CHATHAM.

This is an action to recover damages for breach of contract in refusing to allow the plaintiff to cut and remove certain timber.

The contract was executed on 18 April, 1914. It conveyed certain timber for $850, of which $50 was to be paid in cash, which was done, and the balance at a certain sum per thousand feet as manufactured, "with full right and privilege for and during the period of two years and six months from the date of commencing sawing the timber on the above described land, provided the party of the second part begins the same within a reasonable time and moves his mill to said land as soon as he finishes his present location; and it is further agreed by the parties

of the first part that the party of the second part will have a right to place his mill on said lands for the manufacture of said timber at one suitable place."

It was further provided in the contract: "It is the intention of this deed to convey the timber as above described on the condition that the party of the second part will comply with all the agreements and make the payments as above set forth, and in the event of said faithful performance this conveyance is to be in full force, otherwise to be null and void."

The plaintiff admitted that at the time the contract was made his mill was on his own land cutting timber and that he finished the work on this land within three or four weeks after the contract was made; that he then moved the mill to what is known as the Womble land, which, according to his evidence, was three-fourths of a mile from the land of the defendant, and according to the evidence of the defendant, a mile and a half distant; that he has never moved or attempted to move his mill to the land of the defendant, and that he did not go to the land of the defendant or offer to cut the timber under the contract until October, 1915, eighteen months after the execution of the contract.

At the conclusion of the evidence his Honor entered judgment of nonsuit, holding that the plaintiff was not entitled to recover because of his failure to perform the conditions of the contract, and the plaintiff excepted and appealed.

*A. C. Ray and Siler & Barber attorneys for plaintiff.*
*Long & Bell attorneys for defendant.*

ALLEN, J.   The contract gives to the plaintiff two years and six months within which to cut and remove the timber, the time to commence "from the date of commencing sawing the timber," and it therefore became very material to have some stipulation which would prevent the plaintiff from postponing indefinitely the time when he would remove his mill to the land of the defendant and begin his work, and it was for this reason that it was made a provision of the contract that the plaintiff should begin "the same within a reasonable time and move his mill to said land as soon as he finished his present location."

This is the contract of the parties and the court cannot do otherwise than enforce it, and the plaintiff having admitted that he has not performed his part of the contract; that he has never attempted to move his mill to the land of the defendant; that he did not attempt to go from the place where he was then working to begin work under the contract, and that he made no move to cut the timber of the defendant until eighteen months after the contract was executed, he cannot maintain his action.

The controlling principle is stated in *Supply Co. v. Roofing Co.,* 160 N. C., 445, as follows:

"In *Ducker v. Cochran,* 92 N. C., 597-600, *Chief Justice Smith,* delivering the opinion, said: 'The proposition is too plain to need any reference to authority in its support, that a party to a contract cannot maintain an action against another for its breach without averring and proving performance of his own antecedent obligations or some legal excuse for nonperformance, or, if the stipulations are concurrent, his readiness and ability to perform.' This statement has been quoted with approval in *Corinthian Lodge v. Smith,* 147 N. C., 246; *Tussey v. Owen,* 139 N. C., 457-461, and the principle is one very generally recognized in our decisions. *Wildes v. Nelson,* 154 N. C., 590; *Hughes v. Knott,* 140 N. C., 550."

There is no error in the judgment of nonsuit.

Affirmed.