## MARY ELLMA HAYMAN v. NATHAN M. DAVIS.

(Filed 30 November, 1921.)

**1. Contracts—Action—Breach—Quantum Meruit.**

Where the daughter has contracted with her father to work his farm and take care of him for life, and after many years of such duty the father has moved from the farm, and his conduct has prevented the daughter, without her consent, from further performing her agreement, the latter may not maintain her action to recover the land, the consideration to be given her for her work and care for the period of her father's life; but the law will imply his promise to pay for the services she rendered before his breach, such amount as they were reasonably worth, if she sues, as in this case, before his death.

**2. Same—Pleadings—Remedies—Election.**

Where the complaint sets forth a contract that a daughter will take care of her father during his life, and also alleges that, after years of such service, he has breached his contract so as to render it impossible for her to perform her part in order to get full compensation thereunder: *Held,* upon demurrer, the allegations of the complaint will be liberally construed, and in effect it is an abandonment of her action on the special contract and an election to sue for the reasonable worth of the services the daughter has actually rendered.

**3. Pleadings—Surplusage—Cause of Action—Dismissal.**

While the rules of pleading require that redundant allegations should be omitted, the courts will give them a liberal interpretation and not dismiss the action on that account, if by disregarding surplusage it appears that a good cause of action has been stated.

**4. Same—Demurrer—Surplusage—Contracts—Quantum Meruit.**

A demurrer to a complaint, in an action to recover the reasonable worth of services rendered in consideration of the defendant's promise to will the plaintiff certain land at his death if she would perform specified services during his lifetime, which he failed to perform, admits the truth of these allegations; and where it appears from an interpretation of the complaint that the plaintiff, during defendant's life, after the latter had rendered further performance by the former impossible, elected to sue to recover the reasonable worth of the services already rendered, an allegation that the plaintiff was ready to receive a deed for the land will be considered as surplusage, as she was not entitled to the land until he died, and had elected to sue for the value of her services before that event occurred.

**5. Remedies—Contracts—Quantum Meruit—Election.**

Where plaintiff seeks to enforce a special contract to will the plaintiff property for services rendered, and damages are sought to be recovered on a *quantum meruit* at the same time for its breach, the remedies are inconsistent, and the plaintiff is put to his election between the two.

APPEAL by defendant from *McElroy, J.,* at the July Term, 1921, of RANDOLPH.

HAYMAN *v.* DAVIS.

This is a civil action, brought by Mary Ellma Hayman against Nathan M. Davis, who is her father, on a *quantum meruit* for services rendered to said Nathan M. Davis, covering a period of twenty-two years.

The complaint alleges that the defendant contracted and agreed with the plaintiff that if she would live with him, take care of him, do the cooking, washing, mending, and work in the house and field, as a dutiful daughter, he would give her the tract of land she was, and is now, living on, and that said tract of land should be the consideration for her services.

That Nathan M. Davis, after the plaintiff had lived with him and cared for him for twenty-two years, and fully performed her part of the contract, breached the said contract by leaving the premises referred to and by refusing to let plaintiff take care of him and carry out her contract, as alleged in the complaint.

The defendant demurred *ore tenus* to the complaint. The court sustained the demurrer, and signed judgment dismissing the action, and plaintiff appealed.

*Brittain, Brittain & Brittain for plaintiff.*
*J. A. Spence for defendant.*

WALKER, J., after stating the case: The plaintiff contended that, as there was no evidence taken at the time of the trial, the Court could pass only upon the allegations of the complaint, and it held, and so adjudged, that the plaintiff had not stated a sufficient cause of action. This, the plaintiff insists, was error. There was consent on the part of both the plaintiff and defendant, and if the defendant breached the contract in such a way as to make it impossible for the plaintiff to carry out her contract, as was contemplated at the time of making the contract, and this was done by the defendant without the consent of the plaintiff, the former became liable for the services already rendered before the breach in such amount as they were reasonably worth.

The plaintiff alleges in her complaint that she served her father according to the terms of their contract for many years in the house and in the field, where she did a man's work, and by doing so she impaired her health, so that she is not now able to work and labor, as she formerly could, and has thereby diminished her capacity to earn a living. That her father broke the contract by leaving her alone and without the ability to further serve him and continue performance of the contract, so that she can get the full amount of compensation promised to her, and while she does not clearly abandon the special contract, that is, in so many words, the effect of the pleading is, when it is liberally construed, as it should be, that her father has rendered full

performance of the contract impossible by his conduct, and, therefore, she elects to treat it as abandoned and fall back upon her right to recover for her services their reasonable value.

The demurrer admits the truth of the allegations of the complaint, the substance of which we have stated. The mere fact of her being ready to accept a deed for the land in full satisfaction should be treated as surplusage, or unnecessary, for she is not entitled to a deed at this time, and if the contract had been kept, not until her father's death, as the stipulation was that she should work for him during his lifetime, and he is still living, and she was not to get the land until he died. She cannot, of course, have the land and full compensation for her services, and, besides, she has no present right of action for the land, but she does allege that defendant, by his conduct, has prevented her from performing the contract, and she asserts her right to damages for such breach, and specifically asks for the value of the services performed by her and for any other amount to which she may upon the facts be entitled because of such breach by the defendant.

The general rule is that though performance by one party of a part or the whole of his promise may be a condition precedent to the liability of the other party to perform, still his failure to perform will not discharge the latter, if the latter prevented performance. In such a case the party so prevented is discharged from further performance, and may recover damages for the breach or recover on the *quantum meruit* for his part performance. Clark on Contracts (Ed. 1904), p. 468. As we said in *McCurry v. Purgason,* 170 N. C., at p. 469: "The law implies a promise by the party to pay for what has been thus received, and allows him to recover any damage he has sustained by reason of the breach, for this is exact justice." If, where a contract is made of such a character that a party actually received labor or materials, and thereby derived a benefit and advantage, the labor actually done and the value received furnish a new consideration, and the law thereupon raises a promise to pay to the extent of the reasonable worth of such service to him. This may be considered as making a new case—one not within the original agreement—and the party is entitled to "recover on his new case" for the work done—not as agreed, but yet as accepted by the defendant. *Britton v. Turner,* 6 N. H., 492 (26 Am. Dec., 713). That case (*Britton v. Turner*), says *Judge Dillon* in *McCray v. Hedge,* 18 Iowa, 66, has been criticized, doubted, and denied to be sound, yet its principles have been gradually winning their way into professional and judicial favor. It is bottomed on justice and is right upon principle, however it may be upon the technical and more illiberal rules as found in the older cases. The case of *McCurry v. Purgason, supra,* goes fully into the law on this subject, where the terms of the contract were strikingly similar to those

we have here, and cites the authorities in this and other jurisdictions. We there said: "The complaint and evidence in this case indicate that plaintiff is suing upon the theory that she could not perform her part of the contract by reason of the testator's conduct, and that her withdrawal from the home place was caused thereby. She seeks to recover, not the price or measure of value fixed by the contract for her services, but on an implied assumption to pay for the actual services rendered what they are reasonably worth. It was said in *Tussey v. Owen,* 139 N. C., 457, at pages 461-462: 'There is a class of cases where, under some circumstances, the rigor of the common-law rule has been relaxed, and a person has been permitted to recover the actual value of his services, although failing to perform the entire contract on his part. In some cases the law implies a promise to pay such remuneration as the benefit conferred is really worth.' *Dumalt v. Jones,* 23 How. (U. S.), 220. But we know of no authority to support the claim that the plaintiff could recover the full contract price, unless she had performed the contract." This plaintiff has not failed to perform her part of the contract, as was the case in one of the decisions cited, but has, on the contrary, been free from any blame. The *McCurry case* so fully covers the law of this one that we refrain from further discussion in regard to it.

The complaint should have complied more formally with the rule of pleading, that superfluous matter should be omitted, but it is entitled to a liberal interpretation. *Blackmore v. Winders,* 144 N. C., 215; *Brewer v. Wynne,* 154 N. C., 467. Following this rule, and discarding what is immaterial, we conclude that the complaint does substantially state a cause of action on a *quantum meruit.* The judge will, no doubt, permit the plaintiff to amend her pleading, so as to state the cause of action with greater legal accuracy, if so desired, though amendment is not absolutely essential.

The demurrer should have been overruled, and the defendant allowed to answer over.

As the plaintiff is suing on a *quantum meruit,* she thereby renounces all right to recover on the special contract. She is not entitled to recover on both causes, as they are inconsistent remedies, and, therefore, she is required to make her election between the two.

Error.