Issue of devisavit vel non, raised by a caveat to the will of Sudie Hargrove, late of Sampson County, based upon alleged mental incapacity.
The jury found that the alleged testatrix did not have sufficient mental capacity to execute the paper-writing propounded, and that the same was not the last will and testament of Sudie Hargrove.
The court being of opinion that the verdict was contrary to the weight of the evidence, on the determinative issues, set the same aside, in his discretion, and ordered the issue of devisavit reinstated on the calendar for trial at a later term.
Propounders appeal, assigning as error the refusal of the court to sustain their pleas in bar.
This is the same case that was before us on two former appeals, reported in 206 N.C. 307, 173 S.E. 577, and 205 N.C. 72, 169 S.E. 812.
The questions now sought to be presented are not properly before us for decision. In the first place, the propounders are not the "parties aggrieved" by the order setting aside the verdict within the meaning of C. S., 632 — such action being favorable to them — and, in the next place, "this Court will not interfere with the discretion of the trial judge in *Page 281 
setting aside a verdict as being against the weight of the evidence."Edwards v. Phifer, 120 N.C. 405, 27 S.E. 79;Brink v. Black, 74 N.C. 329;Goodman v. Goodman, 201 N.C. 808, 161 S.E. 686.
The appeal was improvidently taken, and must be dismissed. McCullock v.R. R., 146 N.C. 316, 59 S.E. 882; Guy v. Ins. Co., 206 N.C. 118,172 S.E. 885.
Appeal dismissed.