GOLDSTON BROTHERS, INC., v. J. A. NEWKIRK AND WIFE, MARY ANNE NEWKIRK.

(Filed 11 April, 1951.)

**1. Contracts § 18—**

As a general rule, nonperformance of antecedent obligations may not be excused by inability to perform due to unexpected difficulties or unforeseen impediments unless caused by wrongful act or conduct of the other party to the contract.

**2. Brokers § 10—Under contract in this case, broker was not entitled to commissions until sale was completed.**

The contract in suit provided that the corporate broker should be entitled to commissions at the close of sales as evidenced by contracts signed by purchasers, and that the broker should collect from the purchasers' first payment on property sold. After auction by the broker and the collection by it of initial payments on part of the property, *lis pendens* was filed in a suit instituted by a third person against the owners of the land, and

thereafter the broker, without authorization from the owners, refunded the initial payments of those purchasers who had not stopped payment on their checks. *Held:* In the absence of evidence by the broker that the purchasers were bound in writing by their bids, or that performance was prevented by wrongful act of the owners, the broker is not entitled to commissions, since it had not shown performance of its antecedent obligations in respect to closing the sales, nor waiver of performance by the owners.

**3. Contracts § 18—**

As a general rule, prevention by one party excuses nonperformance of an antecedent obligation by the other provided such prevention is wrongful, but prevention of performance by interference of a third party, independent of wrongful conduct on the part of the other party to the contract, will not excuse nonperformance of an antecedent obligation.

**4. Brokers § 10—**

Where consummation of sale of realty by a broker is prevented by the filing of *lis pendens* in an action brought by a third party, and consummation of sale is an antecedent obligation to the right to commissions, the broker must introduce evidence tending to show that the filing of *lis pendens* was due to wrongful conduct on the part of the owners in order to maintain that its nonperformance was excused.

**5. Trial § 6—**

Where plaintiff is not entitled to recover in the action as constituted, the court may not postpone further proceedings on the ground that the determination of another suit against one of the parties by a third person might affect the rights of the parties to the instant action, but must render final judgment.

**6. Quasi-Contracts § 1—**

Ordinarily recovery on *quantum meruit* may not be had where no benefit accrues to the party sought to be charged, and where the contract sued on is entire, and the party sought to be charged has received no benefit from the attempted performance by plaintiff, the refusal to submit the issue of *quantum meruit* is proper.

**7. Appeal and Error § 31a—**

Where there are no assignments of error and no exceptions are brought forward in appellant's brief, the appeal will be dismissed.

APPEAL by plaintiff from *Carr, J.,* at October Term, 1950, of LEE.

Civil action by auction-broker to recover commissions for selling land.

The plaintiff, by written contract dated 2 August, 1948, agreed to offer for sale for the defendants on or before 15 October, 1948, a five thousand acre tract of land. Pursuant to the terms of the contract, the plaintiff supervised the subdivision of the land into parcels and, after due advertisement, offered it for sale on the premises, commencing the morning of 12 October, 1948. Some thirty-four parcels, aggregating about three

thousand acres, were sold that day to various purchasers at bid prices totaling $46,484.70; and deposits for the initial payments on the land, amounting to $8,345.55, were made to the plaintiff's sale clerk. All sales were confirmed by the defendants at the bid prices. Plaintiff also claims to have negotiated a private sale the next day for the remaining acreage at a price of $16,000. On the morning of 13 October, 1948, Babcock Lumber Company, Inc., instituted in the United States District Court for the Eastern District of North Carolina a civil action against the defendants, and at ten o'clock that morning "filed *lis pendens* and complaint" in the office of the Clerk of the Superior Court of Harnett County against the land then in process of being sold.

After the notice of *lis pendens* was filed, the bidders refused to accept deeds for the property and requested return of the deposits. Some of the bidders stopped payment on their checks. Thereafter, all funds so deposited with the plaintiff's clerk were returned to the bidders and the sales have never been consummated.

Plaintiff thereafter instituted this action, alleging full performance on its part of the provisions of the contract, breach by the defendants, and asking a recovery of $6,248.47,—commissions and compensation in accordance with the terms of the contract. The defendants answered, denying the material allegations of the complaint. They allege, among other things, that plaintiff, without fault of the defendants, never closed the sales and that therefore the plaintiff is not entitled to recover the commissions and compensation fixed by the contract.

At the close of the evidence in the trial below, the plaintiff tendered an issue on *quantum meruit,* and the court ruled that upon the pleadings and the evidence offered the plaintiff was not entitled to submit the issue to the jury. The plaintiff excepted.

"Counsel for plaintiff and defendants thereupon agreed that in respect to the issue arising on the pleadings relating to damages for breach of an express contract, the Court might find the facts and render judgment thereon without the intervention of the jury."

The judgment thereafter entered contains these recitals:

"The Court, having considered the pleadings and the evidence, is of the opinion that no cause of action in favor of the plaintiff and against the defendants has been shown to exist which entitles the plaintiff to a judgment at this time against the defendants. The Court finds as a fact that this action is so interwoven with the action of *Babcock Lumber Company v. J. A. Newkirk and wife, Mary Anne Newkirk,* pending in the District Court of the United States for the Eastern District of North Carolina, referred to in the pleadings and the evidence in this action, that there may be developments in the said *Babcock Lumber Company case* which will entitle the plaintiff to a recovery against the defendants by

reason of the matters and things alleged in plaintiff's complaint. In order to preserve the rights of the plaintiff, if any there be, the Court in the exercise of its equitable powers declines to dismiss this action to the end that the action may be continued for the purpose of permitting such motions in this case as are deemed advisable by the plaintiff in the light of future developments in the *Babcock Lumber Company case.*"

Thereupon, it was adjudged by the court "that the plaintiff is not at the present time entitled to a judgment against the defendants; and it is . . . ordered that this action be not dismissed and that it be continued for the purpose of enabling the plaintiff to file such motions in this cause as the plaintiff deems necessary in the light of future developments in the said *Babcock Lumber Company case.*"

From the judgment entered, the plaintiff appeals, assigning errors.

*Gavin, Jackson & Gavin for plaintiff, appellant.*
*Rivers D. Johnson and S. Ray Byerly for defendants, appellees.*

JOHNSON, J. The contract declared on provides that the plaintiff shall be paid "at the close of sale ten per cent in cash of the gross receipts of sale, as evidenced by contracts signed by purchasers." The contract also stipulates that the plaintiff shall collect for the defendants "the first payment on the property sold."

Hence, plaintiff's duties did not terminate on knocking the land off to the high bidders. Plaintiff was required to close the sale for the defendants by collecting the initial payments of purchase money and turning over to defendants purchasers who were bound by signed contracts. These duties to collect purchase money and bind the purchasers stand as antecedent obligations which were required to be performed by the plaintiff as conditions precedent to its right to receive commissions. Page on Contracts, Vol. 5, Sec. 2960, p. 5226; 17 C.J.S., Contracts, Secs. 452 and 456, pp. 932 and 937; 12 Am. Jur., Contracts, Secs. 327 and 328, pp. 881 and 883. *Corinthian Lodge v. Smith,* 147 N.C. 244, 61 S.E. 49; *Ducker v. Cochrane,* 92 N.C. 597. See also *Jones v. Realty Co.,* 226 N.C. 303, 37 S.E. 2d 906; *Horney v. Mills,* 189 N.C. 724, 128 S.E. 324; *Clark v. Seay,* 140 Okla. 198, 282 P. 357.

In 12 Am. Jur., p. 882, it is stated: "If one promise is first to be performed as the condition of the obligation of the other, that which is first to be performed must be done or tendered before the party who is to do it can sustain a suit against the other."

And the general rule is that performance of antecedent obligations may not be excused by subsequent inability to perform on account of unexpected difficulties or unforeseen impediments, short of prevention by wrongful act or conduct of the other party to the contract. 12 Am. Jur.,

pp. 883 and 884; *Mizell v. Burnett,* 49 N.C. 249. See also *Clancy v. Overman,* 18 N.C. 402.

This appeal is grounded on the assumption that plaintiff was entitled to recover below on either of three theories, namely: (1) performance, (2) prevention of performance by wrongful conduct of the defendants; or (3) recovery on implied *assumpsit* or *quantum meruit.* The court below declined to allow recovery on either theory, and no error has been made to appear upon the record as presented.

1. *Performance.* The plaintiff alleges that it "performed and discharged all of its duties in making said sale in accordance with said contract." And in its brief plaintiff contends that the evidence offered below supports the allegations of performance. However, we are unable to so interpret the record. The evidence fails to show that the plaintiff closed the sale by binding the purchasers with signed contracts and collecting the initial payments of purchase money out of which commissions were to be paid. True, the witness J. W. Goldston, Jr., on cross-examination referred to certain "tickets of agreement of purchasers." However, none of these tickets were introduced in evidence, nor were their contents shown. It nowhere appears that the purchasers were bound in writing by their bids. There is evidence that plaintiff collected the initial payments of purchase money from some of the purchasers; but it likewise appears that these payments were refunded after some of the purchasers had stopped payment on their checks. It does not appear that the defendants authorized the return of these deposits. Performance of the plaintiff's antecedent obligations in respect to closing the sale has not been made to appear. Therefore the rule explained in *Eller v. Fletcher,* 227 N.C. 345, 42 S.E. 2d 217, and companion cases cited by plaintiff does not control here. Nor does it appear that the plaintiff either alleged or proved waiver of performance. 17 C.J.S., Contracts, Sec. 574, p. 1209.

2. *Prevention of performance by wrongful conduct of the defendants.* As a general rule, prevention by one party excuses nonperformance of an antecedent obligation by the adversary party, and ordinarily the party whose performance is thus prevented is discharged from further performance and may recover as in case of breach. *McCurry v. Purgason,* 170 N.C. 463, 87 S.E. 244; *Hayman v. Davis,* 182 N.C. 563, 109 S.E. 554; 12 Am. Jur., p. 885; 17 C.J.S., p. 966, *et seq.*

However, in order to excuse nonperformance, the conduct on the part of the party who is alleged to have prevented performance "must be wrongful, and, accordingly, in excess of his legal rights." Page on Contracts, Vol. 5, Sec. 2919, p. 5145. And it is generally held that the prevention of performance by interference of a third party, independent of wrongful conduct of the other party to the contract, will not excuse performance of an antecedent obligation. 17 C.J.S., p. 949, and 17 C.J.S.,

p. 967; *Cremer v. Miller,* 56 Minn. 52, 57 N.W. 318. Here the suit and notice of *lis pendens* filed by Babcock Lumber Company against the defendants is the only circumstance in evidence tending to show that the defendants prevented the plaintiff from closing the sale according to the terms of the contract. There is no supporting evidence tending to show that the Babcock *lis pendens* was justifiably filed because of some previous breach of its legal rights occasioned by wrongful conduct of the defendants. Nor does the record suggest connivance between Babcock Lumber Company and the defendants. Besides, defendants do not allege wrongful prevention. Therefore upon the record as presented, the court below did not err in declining to allow recovery on the theory that plaintiff's failure to close the sale was prevented by wrongful conduct of the defendants.

The intimation in the judgment below that further proceedings in this case be held in abeyance pending the trial of the Babcock case has practical pertinency. But it is assumed that the intimation was intended only as a suggestion. It may not be interpreted as requiring a postponement of further proceedings in the instant case. 17 C.J.S., pp. 196 and 205.

3. *Implied assumpsit or quantum meruit.* Ordinarily, where one party has endeavored in good faith to perform his contractual obligations and while partially performing, though failing in some particulars, he has conferred on the other party substantial benefits, he may recover on *quantum meruit* as upon an implied promise to pay for the benefits so received from partial performance. 17 C.J.S., Contracts, Secs. 508 and 511, pp. 1085 and 1093. Ordinarily, however, this rule does not apply where no benefit accrues to the party sought to be charged. Elliott on Contracts, Vol. 3, Sec. 2101, p. 293. Nor can there be a "recovery on a *quantum meruit* for services rendered under a special contract, where by reason of a failure to meet its conditions no pay was due on such contract." 12 Am. Jur., Contracts, Sec. 328, p. 884. Here the sale was never closed. It does not appear that any benefits accrued to the defendants from the plaintiff's services. The contract sued on is entire (*Brewer v. Tysor,* 48 N.C. 180) and not divisible (*Chamblee v. Baker,* 95 N.C. 98). The plaintiff may recover, if at all, only upon the special contract sued on. See McIntosh, Selected Cases on Contracts, Synopsis p. 39. The court below correctly declined to submit the issue on *quantum meruit.*

The defendants also excepted to the judgment below and appealed. However, no errors were assigned and no exceptions were brought forward in their brief. The appeal appears to have been abandoned. It is dismissed. *Bank v. Snow,* 221 N.C. 14, 18 S.E. 2d 711; *In re Will of Hargrove,* 207 N.C. 280, 176 S.E. 752.

Except as herein modified, the judgment of the court below is upheld.
Modified and affirmed.