GOLDSTON BROTHERS, INC., v. J. A. NEWKIRK AND WIFE, MARY A. NEWKIRK.

(Filed 17 October, 1951.)

**1. Trial § 21½—**

Where no exception is noted to the refusal of defendants' motion to nonsuit when plaintiff rested its case, and thereafter, upon agreement that the court find the facts upon the evidence and stipulations of the parties, the parties place in the record a series of stipulations covering numerous pertinent facts, *held*, the case is reopened to receive such stipulations, and the motion of nonsuit not being renewed, the question of defendants' right to nonsuit is not presented on the appeal.

**2. Appeal and Error § 51c—**

Where the question of defendants' right to nonsuit is not presented on the appeal, but the judgment of the lower court is modified to the extent that it allowed a compulsory continuance pending the determination of another action upon different issues pending in the Federal Court between a stranger to the present action and the defendants herein, the decision

does not justify dismissal of the action in the lower court after remand, but leaves the case pending in substantially the same status as if the case had been submitted to a jury and mistrial ordered.

**3. Pleadings § 22b—**

The court rendered judgment under agreement of the parties that the court should find the facts from the evidence and stipulations of the parties. On appeal the judgment was modified and the cause remanded. *Held:* After remand the cause was pending in the Superior Court, and the Superior Court had authority to permit amendment within the purview of G.S. 1-163, and the refusal of the court to permit amendment on the ground that it was without authority to entertain the motion will be reversed on appeal.

APPEAL by plaintiff from *Sharp, Special Judge,* June Term, 1951, of LEE.

Civil action by auction-broker to recover commissions for selling land under a special contract.

This case was here on former appeal. The opinion is reported in 233 N.C. 428, 64 S.E. 2d 424, where the background facts are set out in detail. It appears that in the course of the former trial it was agreed by the parties that the presiding judge, upon the evidence and stipulations, might find the facts and render judgment without the intervention of the jury. Judge Carr, after hearing and considering the evidence and stipulations, entered judgment adjudging that the plaintiff "is not at the present time entitled to judgment against the defendants," but ordering that the "action be not dismissed and that it be continued" for the purpose of enabling the plaintiff to file certain motions in the cause, if it be so advised. Both sides excepted to the judgment and gave notice of appeal. The plaintiff perfected its appeal; the defendants did not. The decision of this Court modified but upheld the judgment below.

When the case went back to the Superior Court, the plaintiff lodged a motion for leave to amend and for an opportunity to offer evidence in support of the complaint as amended, whereas the defendants moved the court to dismiss the action. The court below held as a matter of law that it was "without authority to allow the plaintiff's motion" to amend and, construing the decision of this Court as a mandate to dismiss the action as in case of nonsuit, denied plaintiff's motion to amend and signed judgment dismissing the action.

From the judgment entered the plaintiff appeals, assigning errors.

*Gavin, Jackson & Gavin for plaintiff, appellant.*
*Rivers D. Johnson and S. Ray Byerly for defendants, appellees.*

JOHNSON, J. The decision on the former appeal upheld the judgment of Judge Carr in its two material aspects, *i.e.,* (1) in adjudging that the

plaintiff "is not at the present time entitled to a judgment against the defendants," and (2) in ordering "that this action be not dismissed and that it be continued for the purpose of enabling the plaintiff to file" certain motions in the cause, if it be so advised. (*Goldston Brothers v. Newkirk, supra* (233 N.C. 428)).

The former decision modifies Judge Carr's judgment in only one particular, and that is in the intimation recited in the judgment, but not specifically adjudicated therein, that further proceedings in the instant case perhaps should be deferred and postponed to await developments in the related case of *Babcock Lumber Company v. J. A. Newkirk, et ux.*, pending in the U. S. District Court. This Court felt that further proceedings in the instant case should not be deferred, except by consent, to await the uncertainty of developments in the related case in the District Court, particularly so in view of the fact that neither the parties nor the issues are the same in the two cases (17 C.J.S., p. 205), and therefore, in order to guard against the eventuality that Judge Carr's judgment might be interpreted as working a forced, indefinite postponement of the case, it was thought advisable to fix it definitely so there might be no delay in the further proceedings in the case, except by consent. Such is the limited intent and meaning of the single modifying limitation placed on Judge Carr's judgment in the following language:

"The intimation in the judgment below that further proceedings in this case be held in abeyance pending the trial of the *Babcock case* has practical pertinency. But it is assumed that the intimation was intended only as a suggestion. It may not be interpreted as requiring a postponement of further proceedings in the instant case. 17 C.J.S., pp. 196 and 205." *Goldston Brothers v. Newkirk, supra* (233 N.C. 428, mid. p. 433).

The court below on the rehearing interpreted the former decision (1) as affirming the judgment of Judge Carr in "That the plaintiff is not at the present time entitled to a judgment against the defendants," and (2) as modifying by implication the judgment in so far as it ordered "that this action be not dismissed," and so forth. The lower court on the rehearing no doubt reasoned that inasmuch as the plaintiff upon the evidence adduced at the first hearing was not entitled to recover, it necessarily followed that the defendants were entitled to have the action dismissed "as of nonsuit," and the court, assuming that such was the intent of the former decision, summarily dismissed the action.

This assumption, however, is inconsistent with the theory of the former appeal and the decision of this Court based thereon. Briefly, the procedural facts in respect to the former appeal are these: When the plaintiff rested its case, the defendants moved to nonsuit. The motion was denied. No exception was noted. Thereupon, it was agreed by the parties that the court upon the evidence and stipulations might find the

facts and render judgment thereon without the intervention of the jury. The parties then by way of supplementing and clarifying the facts already in evidence, placed in the record a series of stipulations covering numerous pertinent facts. Thus, to receive these stipulations, the case was reopened. Thereafter the motion to nonsuit was not renewed. Thus the right to press for nonsuit was waived. See G.S. 1-183; McIntosh, North Carolina Practice and Procedure, p. 613; *Hawkins v. Dallas,* 229 N.C. 561, 50 S.E. 2d 561. Moreover, when the court below entered judgment ordering "that this action be not dismissed," and so forth, the only exception noted by the defendants was "to that portion of the judgment allowing the plaintiff to file such motions in this cause as the plaintiff deems necessary in the light of future developments in the *Babcock Lumber Company case.*" Also, while the defendants gave notice of appeal, no errors were assigned, and no exception was brought forward in the brief. Therefore, as appears in the closing paragraph of the former opinion of this Court, the defendants' appeal was treated as abandoned. Thus it appears upon the face of the record, and in the former opinion, that the defendants waived their right to challenge the ruling of Judge Carr in ordering that the case "be not dismissed" but left on the docket for further proceedings.

Therefore, upon the record as presented, it was not given for this Court *ex mero motu* to strike out of Judge Carr's judgment the order "that the action be not dismissed," and the decision on the former appeal may not be interpreted as embodying such implication. This would give the defendants a delayed "second bite at the cherry," to which, under settled rules of procedure, they are not entitled.

It follows, then, that, as concerning the plaintiff's rights on motion to amend and on motion to try the case again, the effect of Judge Carr's judgment, as modified, is to leave the case pending and at issue on the docket in substantially the same status as if the case had been submitted to a jury and a mistrial ordered.

Therefore, the lower court may allow or disallow such amendments as it may think proper in the exercise of its sound discretion (G.S. 1-163; *Gilchrist v. Kitchen,* 86 N.C. 20), bearing in mind, of course, that the nature of the cause of action as previously charted may not be substantially changed. *Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565.

In fairness to the able judge who presided on the rehearing, we are constrained to observe that the former opinion of this Court gave only brief mention,—in its closing paragraph,—to the facts which closed the door on the defendants' peremptory right of dismissal.

For the reasons assigned, the judgment below must be

Reversed.