CARROLL, CHAS., Chief Judge.
This is an appeal from a judgment for $2,000 rendered by the Circuit Court of Dade County in a law action tried before the court without a jury.
The appellant Golden Heights Land Company, Inc., which will be referred to as-the owner, was the defendant in the trial’ court. The appellee Norman Babel Mortgage Company, Inc., which will be referred to as the broker, .was the plaintiff.
The broker declared on a contract by which it was to be paid $24,050 in commissions out of particular funds. The complaint alleged that the terms for payment of commissions to the broker were as set out in a letter from the owner to-the broker, which was attached to the-complaint, and which read as follows:
“This letter is to advise you that we hereby agree to the following terms and the amount of payment due you in connection with the above described1 loan and for other services:
“1. You are to be paid the total’ sum of Twenty-four Thousand Fifty Dollars ($24,050.00) in the following' manner:
*859 “(a) $5,000.00 upon the closing out of the first twenty (20) homes.
“(b) $150.00 per house upon closing out of the 127 additional houses as each closing is made.
“(c) These payments are to be completed within twelve (12) months from the date of the recorded mortgage from Golden Heights Land Co. to Maurice Kovnat.”
The owner answered that the contract with the broker had depended on the owner securing certain subordination agreements, which it had been unable to obtain, averring as follows:
“Said agreement was to become operative only if defendant could secure a subordination agreement from Morris Yassky, Leo Judson, and David Haber, the persons holding defendant corporation’s stock in escrow, as additional security for a first and second mortgage they held on the entire property with the exception of six (6) lots.
* * * * * *
“Plaintiff had notice and knowledge of the need for subordination agreements from the mortgage holders of record against the said property and knew when it prepared the alleged contracts between plaintiff and defendant, and defendant and Maurice Kov-nat, that there could be no binding agreement unless the subordination agreements were received.
“Plaintiff had notice and knowledge during the first two weeks of April that the existing mortgage holders of record refused to subordinate to the $40,000.00 mortgage offered by Maurice Kovnat and that the mortgage commitment agreement became inoperative and null and void as alleged.”
At the conclusion of the trial the court pronounced the following opinion:
“The court does not feel that the plaintiff has maintained a cause of action on the alleged contract. The court does feel that some services were performed by the plaintiff for which he is entitled to recover.
“It is the feeling of the court that a lender of $40,000 in actual money was secured; the money was available. It wasn’t utilized by the prospective borrower for various reasons. Under those conditions, it would appear that the plaintiff would be entitled to recover his actual loss and damage or expenses.
“There has not been much evidence introduced concerning such loss, damage, or expenses, but the court awards the plaintiff $2,000.”
Thereupon, the court entered judgment for plaintiff for $2,000 plus costs, and the question to be determined is the correctness of the entry of this judgment for the plaintiff, in view of the trial court’s denial of recovery under the contract.
The principle is well established that where a particular fund from which payments are to be made does not materialize, the court is not at liberty to grant a money judgment. Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421; Murphy v. Green, 102 Fla. 102, 135 So. 531; Batchelder v. Prestman, 103 Fla. 852, 138 So. 473; Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., Fla. 1950, 43 So.2d 864.
The owner pleaded a known condition precedent, consisting of the need for it to obtain an agreement from holders of two existing mortgages to subordinate them to the proposed new and additional mortgage. If the inability of the owner to obtain the mortgage subordination agreement was the basis of a contention by the broker that it should recover, because the absence of the particular fund was brought about by the owner (cf. Walker & McClelland v. Chancey, 96 Fla. 82, 117 So. 705), that issue was determined in favor of the owner when the trial court found *860 that the broker had failed to establish its right to recover under the contract.
Where a broker’s commission is contracted to be paid on creation of or out of a particular fund, and the fund does not materialize, the broker is not entitled to recover on his contract, and the trial judge was eminently correct in so holding in this case. However, the limitation of recovery to such fund also precludes the granting of an open money judgment, such as the court made here for $2,000, not based on the contract. See Murphy v. Green, supra; Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., supra.
Moreover, to the extent the broker performed services, that was done knowing they could not be accepted or of benefit to the owner, unless the latter was able to obtain the necessary subordination agreements.
In this case the services to be performed by the broker included arranging for an additional $40,000 mortgage loan on the' property, and later the advertising and selling of homes which were to be built in the proposed development. Here the loan was never closed, because the owner could not obtain necessary subordination agreements, with the result that the later services contemplated from the broker could not be and were not performed.
We have not overlooked the rule under which a broker who supplies a purchaser, and is unable to recover his commission because the sale was not closed, may seek some recovery on an implied contract, where the owner is benefitted by the broker’s services in a subsequent partial or different sale to the purchaser supplied by the broker, as was authorized in Estes v. Moylan, Fla.1957, 94 So.2d 362, 366. And see Moylan v. Estes, Fla.App. 1958, 102 So.2d 855, and authorities cited therein.
The present case presented a situation where the broker was proceeding on a non-divisible contract under which, from the outset, its right to recover compensation hinged on the success of the owner’s efforts to secure the mortgage subordination agreements. When the mortgage holders refused to subordinate to the proposed new and additional mortgage, the broker’s contract became unworkable and unenforceable, and thus the circumstances of its case were not such as could authorize recovery on quantum meruit. O’Connor v. National Metals Co., 317 Mass. 303, 58 N.E.2d 153; Goldston Brothers, Inc., v. Newkirk, 233 N.C. 428, 64 S.E.2d 424; Royer v. Board of County Supervisors of Albemarle County, 176 Va. 268, 10 S.E.2d 876.
In Royer v. Board of County Supervisors of Albemarle County, supra (10 S.E.2d at page 881), it was held:
“ * * * Here the plaintiff claims the right to recover by virtue of an express contract. The defense is not that the contract is void or unenforceable, but that under the very terms of the agreement itself he is not entitled to compensation.
“Manifestly when one has furnished services under an express contract which provides that he is not to be compensated therefor unless a certain contingency occurs and, through no fault of the other party, that contingency does not happen, he can not disregard the express terms of his agreement and recover for the value of the services rendered. The provision in the contract which makes the payment conditional is just as binding as any other term therein.
“In Ellis, etc., Co. v. Hubbard, 123 Va. 481, 501, 502, 96 S.E. 754, this court held that where there is an express and enforceable contract in existence which governs the rights of the parties, the law will not imply a contract in contravention thereof.”
*861 In Goldston Brothers, Inc., v. Newkirk, supra (64 S.E.2d at page 428), it was said:
“Implied assumpsit or quantum mer-uit. Ordinarily, where one party has endeavored in good faith to perform his contractual obligations and while partially performing, though failing in some particulars, he has conferred on the other party substantial benefits, he may recover on quantum meruit as upon an implied promise to pay for the benefits so received from partial performance. 17 C.J.S. Contracts §§ 508 and 511, pp. 1085 and 1093. Ordinarily, however, this rule does not apply where no benefit accrues to the party sought to be charged. Elliott on Contracts, Vol. 3, Sec. 2101, p. 293. Nor can there be a ‘recovery on a quantum meruit for services rendered under a special contract, where by reason of a failure to meet its conditions no pay was due on such contract.’ 12 Am.Jur., Contracts, Sec. 328, p. 884. Here the sale was never closed. It does not appear that any benefits accrued to the defendants from the plaintiff’s services. The contract sued on is entire, Brewer v. Tyson, 48 N.C. 180 and not divisible, Chamblee v. Baker, 95 N.C. 98. The plaintiff may recover, if at all, only upon the special contract sued on. See McIntosh, Selected Cases on Contracts, Synopsis p. 39. The court below correctly declined to submit the issue on quantum meruit.”
Whereupon, the judgment is reversed, and the cause is remanded with directions to enter judgment for defendant and order dissolution of the attachment.
Reversed and remanded.
HORTON and PEARSON, TJ„ concur.