Pearson, C. J.
 

 In the statement of the case by his Honor, it is set out as “an action of assumpsit on an open account!!!” There is in the books no such form of action-. But to carry out the very liberal understanding, acted upon by the gentlemen of the bar in this State, for the purpose of allowing cases to go off
 
 on the
 
 merits, and not on mere
 
 matter of form,
 
 this ■ Court is to consider the declaration to have' been framed according to the evidence, so as to make the allegata, and also the form of action, correspond with the
 
 probata,
 
 which is assumed as the guide.
 

 The account sent, as a part of the case, sets out “ dealings” by the plaintiff, as
 
 agent
 
 of the defendant, in carrying to the south and selling a number of slaves, to wit: charges for travelling expenses; for board of slaves; for clothes ; for medical bills paid, and for a draft paid in New Orleans, which is the principal item of charge; with credits for the price of slaves sold; showing a balance of $2330,6'6. If the defendant admitted this balance, and assumed to pay it, ■assumpsit is the proper action, based Upon the express pro
 
 *180
 
 miso. If there was no such admission and assumpsit “ upon account rendered,” then, the caséis one of unsettled dealing between agent and principal, for which an “action of account,” or a bill in Equity for an account, is the proper remedy. So, we are to assume, that the action was upon a special promise to pay the balance struck upon an account rendered, to wit: $2330,66. For treating it as “ an open account,” there is no evidence as to any
 
 one item,
 
 and in that point of view, his Honor ought to have charged the jury that, the
 
 onus
 
 being on the plaintiff, it was not sufficient that the defendant, when the account was presented to him, said, “some of the charges are extravagant, and he would not pay them,” but to sustain the account for “ goods sold or delivered,” or for “ services rendered,” or for “ money paid to his use,” proof in respect to the several items was necessary.
 

 Accordingly, we find that the plaintiff rested his case on the testimony of a witness, who swore that he was present when the plaintiff presented the account to the defendant, and demanded payment of the apparent balance, and heard the defendant, after examining the account, say
 
 “ it was all cor-real,
 
 although larger than he expected, and
 
 he would fay
 
 it.” in opposition to this evidence, the defendant called
 
 Mr. Taylor,
 
 who swore that on the same day, the plaintiff and defendant came into his store, and in speaking of the same account, the defendant said to the plaintiff, “ some of the charges are extravagant, and I will not pay them.” So, whether the plaintiff could sustain his action or not depended on the question : were the jury satisfied that the defendant did assume to pay the apparent balance, as sworn to by the witness called by him, or was the matter left open upon objections, to some of the charges as sworn to by Mr. Taylor ? Thus it will bo seen that “ the account,” drawn up by the plaintiff, upon this issue, was not
 
 comfetent
 
 evidence, and ought not to have been read to the j ury, even in the presence of the Court, for, at most, it could only be referred to by the witness, to refresh his memory in respect to the balance, which the defendant assumed to pay. It follows, that his Honor erred in matter of law,
 
 *181
 
 when he permitted the jury, at the instance of the plaintiff, but in the face of the objection on the part of the defendant,
 
 to talte the accoimt to their room.
 
 For that paper was not competent evidence, and could not have been read to the jury in the presence of the Court. It was made up by the plaintiff; he did not pretend to be able to offer evidence in respect to the particular items, and could only sustain his action by proof of an
 
 express promise to pay the apparent
 
 balance. So, the point is, was it error to allow the j ury to take to their room, (the defendant objecting) a paper drawn up by the plaintiff, which could not have'been offered as evidence on the trial ? This view of the case, makes it unnecessary to enter upon a consideration of the authorities cited on the argument ; Buffer’s Nisi Prius, 308 ; Co. Lit. 541, where the question is made to depend on matters of which proferí may be required, as deeds, letters testamentory, and matters not under seal, but which have been received by the Court as evidence on the trial, for the account of the plaintiff was not competent evidence.
 

 It may be well, however, to say, that we fully concur with what is said in
 
 Outlaw
 
 v. Hurdle, 1 Jones’ Rep. 150. The jury ought to make up their verdict upon evidence offered to their senses, i. e., what they see and hear in the presence of the Court, and should not be allowed to take papers, which have been received as competent evidence, into the jury room, so as *to make a comparison of hand-writing, or draw any .other inference, which their imaginations may suggest; because, the opposite party ought to have an opportunity to reply to any suggestion of an inference contrary to what was made in open Coui't. There is error. Judgment reversed, and
 
 venire de novo.
 

 Pee Curiam,
 

 Judgment reversed.