R. A. POE & CO., INC., v. THE TOWN OF BREVARD.

(Filed 5 December, 1917.)

1. **Contract — Improvements — Breach — Damages — Benefits — Equity— Quantum Meruit.**

Ordinarily a party cannot recover any damages for breach of contract stipulations without averring and proving a performance of his own antecedent obligations arising on the contract or some legal excuse for nonperformance thereof, or, if the stipulations are concurrent, his readiness or ability to perform them; but this doctrine is so far modified as to permit the contractor to recover upon a *quantum meruit* upon his breach in case of building or improvement contracts when it is made to appear that the owner or other contracting party has received and continues to enjoy the contractor's work under circumstances that in equity and good conscience call for compensation.

2. **Same—Contracts—Specific Method.**

This right to recover on a *quantum meruit* under the circumstances indicated does not prevail where it appears from the stipulations of the contract that the parties have undertaken to provide, and the written agree-

ment between them does provide for a special method of adjustment; and in that event, on breach, the specified method must be recognized and pursued.

**3. Same—Contracts—Municipal Corporations—Cities and Towns.**

Where a city or town, under the express terms of its street-paving contract, and on default of its contractor, takes over the material and machinery furnished and being used by him, and completes the work, employing others for the purpose, furnishing them additional material, with stipulations that the contractor and his bond shall be liable for any additional expense caused the city by the contractor's default, and that the contractor shall receive no further payment under the contract until the work shall have thus been completed: *Held,* by the provisions of the contract, the idea that the contractor may only recover upon a *quantum meruit* is excluded; and in his action against the city, he is entitled to an accounting for, and may recover the profits the latter may have made in taking over and completing the work, as measured by the contract, together with compensation for the machinery and material which the city had retained or consumed in the completion of the contract.

**4. Contracts—Breach—Damages—Terms of Settlement—Better Materials.**

Where, upon default of a contractor for paving the streets of a city, he is, under the terms of his contract, permitted to recover the amount the latter has made by completing the contract, the extra price it has paid for material of better grade than that specified is not chargeable against the contractor in the settlement.

CIVIL ACTION, heard on report of referee and the findings of a jury on issues raised by exception to said report, before *Lane, J.,* at April Term, 1917, of TRANSYLVANIA.

It appeared that plaintiff company had contracted with defendant town to pave certain streets therein according to the specifications of a written contract and the work to be completed by 1 July, 1913; that said plaintiff having failed to proceed satisfactorily with the work or to complete same within the time stipulated, the defendant, pursuant to a provision of the contract to that effect, formally notified plaintiff, took over the work and completed the same, and this action was instituted to adjust and determine the rights of the parties growing out of conditions presented. It appeared, also, that prior to said notice and action of defendant, plaintiff had expended from eight to ten thousand dollars on the undertaking, and that defendant, in taking over the job, had also taken certain machinery and material belonging to plaintiff, which it still holds.

Defendant denied any liability, and averred, among other things, that no proper demand had been made of plaintiff's claim; that plaintiff had voluntarily abandoned the contract, and that the town had suffered great damage by failing to complete the work within the specified time.

In the progress of the cause, it was referred to Mr. Michael Schenck, who heard the same, made a full and careful report of the case, finding

that the defendant was indebted to plaintiff in the sum of $3,576.90. Both sides filed exceptions, and on issues submitted at demand of defendant, the following verdict was rendered:

1. Was the claim of the plaintiff presented to the defendant in the manner required by law? Answer: Yes.

2. Did the plaintiff surrender the contract on or about the first day of July, 1913, as alleged in the defendant's answer? Answer: No.

3. What damage did the town of Brevard sustain by reason of the failure of the plaintiffs to complete the contract on or by the first day of July, 1913? Answer: Nothing.

The verdict having failed in any way to affect the findings and report of referee, his Honor further considered the case, sustained an exception of plaintiff, by which the amount due was increased by $2,912.74, and otherwise affirmed the report. The amount so ascertained in plaintiff's favor being, as stated, found by referee................................$3,576.90
Increased by the judge ruling on plaintiff's exceptions.................. 2,912.74
                                                                     _____
                                                                      $6,489.64

Judgment was entered for that sum and interest from the time the work was completed, and defendant excepted and appealed.

*R. L. Gash and Chase Brenizer for plaintiff.*
*Wilch Galloway and Martin, Rollins & Wright for defendant.*

HOKE, J., after stating the case: There is no error in the proceedings below by which the issues submitted have been determined, and recurring to the case as presented by the report of the referee, and the judgment of his Honor modifying same, this judgment of $6,489.64 is composed of items as follows:

Amount saved by defendant in completing work, as
    found by referee ............................................................. $1,105.96
Amount of machinery belonging to plaintiff which
    was taken over and held by defendant...................... 1,563.95
Amount material, stone and cement belonging to
    plaintiff and now held by defendant......................... 906.99
Increased by his Honor's ruling on plaintiff's excep-
    tions ............................................................................. 2,912.74
                                                                     _____
Making a total of................................................................. $6,489.64

This last item was allowed to defendants by the referee as a part of the cost of completing the work under the contract, whereas the proof showed that the same arose by reason of defendant's having used a

higher priced material than the contract stipulated and, to the extent of such increase, the same was not a legitimate charge in defendant's favor in an adjustment controlled by the contract provisions. And if the contract furnishes the proper rule for our guidance in the matter, none of the items of charge are erroneous.

This was not seriously controverted by defendant's counsel; we understood that it was admitted on the argument, and very properly so, but it contends that nothing should be allowed plaintiff and no accounting is due it because, while the jury have found that there was no abandonment by plaintiff of its rights under the contract, all the proof showed there was a failure of performance on its part, and if any recovery at all can be had, it must be on a *quantum meruit* for work done and material furnished in the beginning of the work.

It is very generally held that "a party cannot recover damages for breach of contract stipulations without averring and proving a performance of his own antecedent obligations arising on the contract or some legal excuse for nonperformance thereof, or, if the stipulations are concurrent, his readiness and ability to perform them." This statement of the principle, appearing in *Ducker v. Cochrane,* 92 N. C., 597, has been recognized and approved in *Tussey v. Owen,* 139 N. C., 457; *Corinthian Lodge v. Smith,* 147 N. C., 244; *McCurry v. Purgason,* 170 N. C., 468, and many other cases.

The doctrine, in its strictness, is usually so far modified as to permit a recovery on a *quantum meruit,* in case of building or improvement contracts, when it is made to appear that the owner or other contracting party has received and continues to enjoy the benefits of a contractor's work and under circumstances that in equity and good conscience call for compensation, a distinction referred to in *Corinthian Lodge v. Smith,* as follows: "The doctrine which we hold to be controlling on the facts of this appeal is modified to some extent by a line of cases which establishes the principle that when 'one party has performed the contract in a substantial part and the other party has accepted and had the benefit of the part performance, the latter may, under certain circumstances, be precluded from relying on the performance of the residue as a condition precedent to his liability.' 1 Beach Contracts, sec. 107; 9 Cyc., 645.

This principle more usually obtains in the case of building contracts, when the owner or proprietor of a house that has been built or substantially completed by another has entered into the possession and use of his building. In such case, owing to the great hardship and injustice that would frequently arise by a strict application of the general rule, the courts are disposed to lay hold of slight circumstance as justifying the modification suggested and apply the principle as stated in Beach Modern Law of Contracts, as follows (section 108) : "Where a building

is erected upon and becomes a part of the realty of the owner, and, although defective in some respects, is of real and substantial value to the owner, .the contractor can recover the value of his work, less the damages to the other party, for a failure to comply with the terms of the agreement." Neither the principle nor its modification, however, is allowed to affect the question when the contract itself provides for a specific method of adjustment in case of breach.

The portion of this contract more directly relevant to the question thus presented is as follows: "In case of the refusal or failure of the contractors, after reasonable notice, to prosecute the work with proper diligence or to supply a sufficiency of skilled workmen, or of proper materials, or to execute the work in a satisfactory or expeditious manner, or in case of any other violation of this contract, then, if the said engineer shall certify that such refusal, failure or. violation is sufficient ground for such action, the town shall be at liberty, after three days notice, in writing, to the said contractors of their intention to do so, to provide such labor or materials as the engineer may advise, deducting the cost thereof from any money then due or thereafter to become due, under this contract; or they may terminate the employment of said contractor on all of the said work, and may enter upon the premises and assume the completion of the aforesaid work, and take possession of all the materials thereon, and employ any such person or persons to finish the work and provide the proper materials therefor, as required under this contract. And in case of such debarment of said contractor and assumption of the work by the town, then the contractor shall not be entitled to receive any further payments under this contract until the said work shall be wholly finished, but the said contractor shall be indebted to the said town for all the expense incurred thereby, or for any damage sustained through such default, and the amount of such expense and damage may be retained by the said town out of the unpaid balance of the amount stipulated herein to be paid the said contractor. The expense and damage thus incurred in finishing the said work shall be audited and certified by the said engineer, the same as if done by contractor, and if the amount shall exceed the balance due and unpaid said contractor, then the latter shall pay back this excess to the said town and be held therefor."

A perusal of this stipulation will clearly disclose that it was the purpose of the parties "in case of any violation of the contract," if the town took over the work and completed it, that an accounting should be had between the parties, particularly that portion which provides: "That in case of such debarment, the contractor shall not receive any further payments till the work be wholly finished." . . . And, further: "The amount of such expense and damage (incident to contractor's breach)

may be retained by said town out of the unpaid balance of the amount stipulated herein to be paid the contractor." Not only is this apparent from the terms of the contract, but such an interpretation is clearly within its meaning and purpose. In these municipal contracts for public improvements, it is chiefly desired that the work shall be properly done and within the stipulated price, and that the municipality be protected from the uncertainties and delay of a settlement on the basis of a *quantum meruit.* This is the principal reason that the officers and agents of the municipality undertake to secure a specific method of adjustment by the contract itself. To this end, in this and usually in contracts of like character, it is provided that if the work is not being done satisfactorily, the municipal agents may take it over, receive the benefit of work already done, and apply any and all amounts due to a completion of the work according to the contract specifications. In addition, here and in other like cases, a solvent bond is required to make good any default on the part of the contractor, and, further, defendant is allowed to retain for any and all sums expended and all damages incident to delay. This being true, if the work is completed at an amount less than the contract specifies, it is right and just that there should be an accounting to the contractor for it. This is particularly true in the present instance, where it appears that the plaintiff had entered on the work in good faith, prosecuted the same as far as it was able, and expended thereon from eight to ten thousand dollars, of which the defendant has received the benefit. They cannot recover the full amount of this expenditure, because they are, as stated, barred from a recovery on a *quantum meruit* by the provisions of the contract, but they should justly recover on it the contract price that was in excess of the cost of the completed work.

There is well-considered authority elsewhere in direct support of the position. *Robinson v. Chinese, etc., Benevolent Assn.,* 54 N. Y. & Suppl., 858; *White v. Livingston,* 69 Appell. Div., 361, approved 174 N. Y., 539; *Murphy v. Buckman,* 66 N. Y., 297; *Wilkinson v. Becker,* 185 Pa. St., 225; 30 A. & E. Enc. (2 Ed.), 1264. And decisions in our own Court are in full recognition of the general principle. *Piano Co. v. Kennedy,* 152 N. C., 196; *Main v. Griffin,* 141 N. C., 43.

There is no error in the proceedings below, and judgment for plaintiff is

Affirmed.