C.C. DOBY v. ROBERT FOWLER AND JANE McCANLESS FOWLER

No. 8019DC390

(Filed 7 October 1980)

**Trial § 13— taking exhibit into jury room — defendants' lack of consent**

> The trial court erred in allowing the jury to take plaintiff's exhibit into the jury room during deliberations where defendants did not consent to this procedure, and defendants' clear indication of lack of consent sufficiently stated their objection to the trial court.

APPEAL by defendants from *Montgomery, Judge.* Judgment entered 8 February 1980 in District Court, ROWAN County. Heard in the Court of Appeals 10 September 1980.

Plaintiff instituted this action to recover on a contract to repair the roof, install gutters, and repair boxing on defendants' residence. Defendants answered, alleging non-performance and negligent performance as defenses, and counterclaiming for water damage to their residence allegedly resulting from plaintiff's work.

Plaintiff's evidence showed that he entered the contract with defendants and that he did the best he could to complete the job as agreed upon. Because the roof was in very bad condition plaintiff told defendants that he could not guarantee his work. After the work was completed, plaintiff sent defendants a bill for $2,471.81 which they have refused to pay. Three exhibits were introduced in evidence without objection. Exhibit number one was the $2,471.81 bill sent to the defendants. The other two exhibits were bills for materials which plaintiff used in his work on defendants' residence. Defendants did not deny the contract. Their evidence tended to show that they were unsatisfied with plaintiff's work and that the roof continued to leak.

The jury answered issues finding that plaintiff had substantially performed on the contract, that plaintiff was entitled to recover $2,471.81 from defendants, and that defendants were not entitled to recover on their counterclaim. Judgment was entered and defendants have appealed.

*Burke, Donaldson and Holshouser, by George L. Burke, Jr., for plaintiff.*

*Kluttz & Hamlin, by Malcolm B. Blankenship, Jr., for defendants.*

WELLS, Judge.

During its deliberations, the jury requested that they be allowed to reexamine and take plaintiff's exhibit number one into the jury room. Plaintiff's counsel did not object to this procedure. Defendants' counsel expressed his unwillingness to consent to this procedure. The trial court granted the request and allowed the jurors to take the exhibit into the jury room during further deliberations. Defendants' sole assignment of error is to this action by the trial court.

In *State v. Stephenson*, 218 N.C. 258, 265, 10 S.E. 2d 819, 824 (1940), our Supreme Court stated the principle that without consent of parties it is error to permit the jury to take such exhibits into the jury room and to retain them while in its deliberations. *See also, Brown v. Buchanan*, 194 N.C. 675, 140 S.E. 749 (1927); *Nicholson v. Lumber Co.*, 156 N.C. 59, 72 S.E. 86 (1911); *but see In Re Will of Hall*, 252 N.C. 70, 87, 113 S.E. 2d 1, 13 (1960); 89 C.J.S. Trial § 466. Two of the cases cited in *Stephenson* explain the reason for the rule. In *State v. Caldwell*, 181 N.C. 519, 527, 106 S.E. 139, 143 (1921), the Court approved of trial court's refusal to give exhibits to the jury, stating that "unless by consent and in certain restricted instances allowed by statute, the jury must determine the cause on the evidence as it is heard by them, or as presented in open court, and is not allowed to take with them documentary or other evidence for their private inspection [citations omitted]." In *Watson v. Davis*, 52 N.C. 178, 181 (1859), the Court explained the rule as follows:

> The jury ought to make up their verdict upon evidence offered to their senses, *i.e.*, what they see and hear in the presence of the court, and should not be allowed to take papers, which have been received as competent evidence, into the jury-room, so as to make a comparison of handwriting, or draw any other inference which their imaginations may suggest, because the opposite party ought to have an opportunity to reply to any suggestion of an inference contrary to what was made in open court.

The rule as to jury use of exhibits in criminal trials has been codified in G.S. 15A-1233(b) as follows:

---

**Doby v. Fowler**

---

Upon request by the jury and with consent of all parties, the judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence. If the judge permits the jury to take to the jury room requested exhibits and writings, he may have the jury take additional material or first review other evidence relating to the same issue so as not to give undue prominence to the exhibits or writings taken to the jury room. If the judge permits an exhibit to be taken to the jury room, he must, upon request, instruct the jury not to conduct any experiments with the exhibit.

For a recent decision dealing with the provisions of G.S. 15A-1233(b), *see State v. Grogan,* 40 N.C. App. 371, 253 S.E. 2d 20 (1979).

Defendants did not give their consent in the case now before us and it was reversible error for the trial court to allow the jury to have the exhibit during its deliberations.

Plaintiff argues that because defendants' "unwillingness to consent" is not an objection or exception as judged by the standard of G.S. 1A-1, Rule 46(b), defendants' statement should be held inadequate to support their assignment of error. Rule 46(b) deals with rulings on matters other than evidence and provides that "it shall be sufficient if a party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court or makes known the action which he desires the court to take and his ground therefor . . . ." Initially, we question whether this broadly stated rule should control here where specific consent is required. Even if applicable, the rule should not be applied "in a ritualistic fashion." 9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2472. A general objection will suffice if the ground therefor is manifest. *Id.* § 2473. In this case, we hold that defendants' clear indication of lack of consent sufficiently stated their objection to the trial court.

During argument on plaintiff's post-verdict motion for a new trial, defense counsel revealed that at the time of the trial court's ruling about which he now complains, he was aware of the rule stated in *Stephenson.* Plaintiff argues that counsel waived defendants' objection by failing to then apprise the trial court of his knowledge of the law. We know of no authority

In re Rich

requiring counsel to argue case law to the trial court at the risk of otherwise losing the benefit of an objection. Rule 46(b), if applicable, would only require a statement of the grounds for an objection, not the case law in support thereof. We find no waiver in these circumstances.

New trial.

Judges ARNOLD and ERWIN concur.