ALFRED L. COLLINS, JR. AND WIFE, KATHLEEN B. COLLINS; GEORGE C. MUSSOTTER AND WIFE, JARIS MUSSOTTER v. OGBURN REALTY COMPANY, INC.; J.R. OGBURN

No. 8010DC304

(Filed 30 October 1980)

1. Brokers and Factors § 6.1– exclusive listing contract for realty – right to commission

    Defendant realtors were entitled to recover a six percent real estate commission pursuant to an exclusive listing contract giving defendants the power to sell plaintiffs' house for a period of 120 days at a price of $58,900 where the listing contract was executed on 20 September 1976; purchasers of the house executed an offer to purchase on 5 October 1976, well within the 120 day period; the purchasers entered into possession of the house on 8 November 1976 pursuant to a rental agreement in which they agreed to complete the purchase of the house within five days after notification that their loan was ready to be closed; and on 3 September 1977 plaintiffs conveyed title to the property to the purchasers by warranty deed at a purchase price of $56,000, since defendant realtors were the procuring cause of the sale of the house, and defendants were not precluded from recovering a commission because the house was not actually conveyed within the 120 day period.

2. Trial § 13– permitting jury to take exhibits to jury room – absence of consent by plaintiffs

    The trial court erred in permitting the jury, over plaintiffs' objections, to take into the jury room and retain during its deliberations exhibits which had been admitted into evidence and an exhibit which had not been admitted into evidence.

APPEAL by plaintiffs from *Barnette, Judge*. Judgment entered 24 October 1979 in District Court, WAKE County. Heard in the Court of Appeals 18 September 1980.

On 20 September 1976, George C. Mussotter and wife, Jaris Mussotter, plaintiffs, and defendant Ogburn Realty Company, through its agent J.R. Ogburn, executed an exclusive listing contract which gave defendants the power to sell plaintiffs' house at 704 Fieldstone Court in Raleigh for a period of 120 days at a sale price of $58,900. The contract provided that plaintiffs were to pay defendants a six percent real estate commission on the amount of the gross sale. The contract also required plaintiffs to pay defendants the full six percent commission if a prospect to whom the defendant has actually shown the property purchases or contracts to purchase the property within 90 days after the expiration of the listing agreement.

On 5 October 1976, Alfred L. Collins, Jr. and wife, Kathleen B. Collins, executed an offer to purchase contract respecting the property at 704 Fieldstone Court at a sale price of $58,900. The contract specified that it was to be contingent on the sale of the Collinses' house in Virginia Beach, Virginia. Other pertinent conditions of the agreement were that: the Collinses were to close 704 Fieldstone no later than fifteen days after the sale of their house in Virginia Beach; the Collinses were to take possession of the property on 8 November 1976 at the rental fee of $7.50 per day; and in the event that the Collinses' Virginia Beach property is not sold within 270 days, they will pay the Mussotters $450 per month rent or vacate the premises within 30 days. Pursuant to the contract, the Collinses paid defendants an earnest money deposit of $1,000 to be held by defendants for the purpose of guaranteeing their performance of the contract.

On 8 November 1976, the Collinses entered into possession of the property pursuant to a rental agreement wherein the Collinses agreed to pay a rental fee of $7.50 per day and to complete the purchase of the property within five days after notification that their loan was ready to be closed.

By letter dated 27 July 1977, the Mussotters instructed defendants to return to the Collinses their $1,000 deposit. Defendants did not follow these instructions, but rather informed the Mussotters that they had done everything necessary to

earn their commission and that they would expect the Mussotters to remit payment in the agreed upon amount of $3,534, six percent of $58,900.

On 3 September 1977, the Mussotters conveyed title to the property to the Collinses by warranty deed at a purchase price of $56,000.

On 3 November 1977, the Collinses filed a complaint against defendants alleging that defendants were obligated to return to the Collinses their $1,000 earnest money deposit. As their basis for recovery, the Collinses asserted a breach of contract claim in their first cause of action and a claim arising from breach of fiduciary duty in their second cause of action. Defendants answered, denied these allegations, and counter-claimed against the Collinses for a realtor's commission of six percent. Thereafter, defendants successfully moved to join George and Jaris Mussotter as parties plaintiff and were permitted to file an amended answer alleging a claim for a realtor's commission against the Mussotters as sellers of the property.

A summons was issued on 24 March 1978 directing the Mussotters to file an answer to the allegations contained in defendants' amended answer. The Mussotters filed a responsive pleading and counterclaim wherein they admitted executing the exclusive listing contract, the offer to purchase agreement, and the rental contract. They also admitted that they conveyed their house to the Collinses on 3 September 1977 and that they have not paid defendants a realtor's commission.

On 28 June 1979, orders of summary judgment were entered which, *inter alia*, denied recovery to the Collinses on their second cause of action, denied recovery to the Mussotters upon their counterclaim, and adjudicated liability in favor of defendants against the Mussotters for a realtor's commission. The court reserved as the sole issue for trial the amount of the commission due the defendants.

On 18 October 1979, plaintiffs Collins filed notice of voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1), of the Rules of Civil Procedure with respect to their first cause of action and have no further interest in the prosecution or appeal of this action.

The issue of the amount of damages owing from the Mussotters to defendants was tried before a jury on 23 October 1979. That judgment established damages in the amount of six percent of $56,000 with credit against the judgment amount being given for the $1,000 held by defendants as an earnest money deposit. Plaintiffs appealed.

*Brenton D. Adams, for plaintiff appellants.*

*Seay, Rouse, Johnson, Harvey & Bolton, by Ronald H. Garber, for defendant appellees.*

ERWIN, Judge.

[1] Plaintiffs assign as error, *inter alia,* the summary adjudication of their liability to defendants for a six percent realtor's commission. They contend that there was neither evidence that the Collinses were "ready, willing and able" to purchase plaintiffs' house at the listing price, nor evidence that defendants were the procuring cause of the eventual sale of the property. Plaintiffs further contend that defendants are precluded from recovering a realtor's commission because of their failure to effect a sale of the property within the 120-day period prescribed in the listing agreement. We do not agree.

The elements which a broker must prove to establish his or her entitlement to commissions were set forth in *Realty Agency, Inc. v. Duckworth & Shelton, Inc.,* 274 N.C. 243, 162 S.E. 2d 486 (1968). There Justice (later Chief Justice) Sharp noted that:

> "Ordinarily, a broker with whom an owner's property is listed for sale becomes entitled to his commission whenever he procures a party who actually contracts for the purchase of the property at a price acceptable to the owner. [Citations omitted.] If any act of the broker in pursuance of his authority to find a purchaser is the initiating act which is the procuring cause of a sale ultimately made by the owner, the owner must pay the commission provided the case is not taken out of the rule by the contract of employment. [Citations omitted.] The broker is the procuring cause if the sale is the direct and proximate result of his efforts or services."

*Id.* at 250-51, 162 S.E. 2d at 491.

In this case, the responsive pleading and counterclaim of the Mussotters, owners of the property, contain the following pertinent admissions: the Mussotters listed their property at 704 Fieldstone Court with defendants at a sale price of $58,900; the Mussotters executed an offer to purchase agreement concerning the property with the Collinses at a purchase price of $58,900; the Mussotters conveyed the property to the Collinses by warranty deed on or about 3 September 1977; and the Mussotters have refused to pay defendants a realtor's commission. In view of the guidelines set forth in *Realty Agency, Inc. v. Duckworth & Shelton, Inc., id.,* the defendants' entitlement to their commission is clearly demonstrated upon the face of plaintiffs' pleadings. There exists no dispute that the defendants performed the duty of presenting to the Mussotters a party who actually contracted to purchase their property upon terms acceptable to them and that this was done well within the 120-day period set forth in the listing agreement. Plaintiffs' contention that defendants are precluded from recovering a commission because of their failure to effect a sale of the property within the 120-day period is unavailing in view of the fact that, as noted above, it is defendants' procurement of "a party who actually contracts for the purchase of the property," *id.,* which determines entitlement to a realtor's commission.

In opposing defendants' motion for summary judgment on the issue of liability for realtor's commissions, plaintiffs have failed to raise a genuine issue as to a material fact concerning any element upon which defendants' claim for relief depends. *Best v. Perry,* 41 N.C. App. 107, 254 S.E. 2d 281 (1979). Since summary judgment was properly entered on this issue, we overrule this assignment of error.

[2] Plaintiff also assigns as error the trial court's action in permitting the jurors to take exhibits offered at trial into the jury room during their deliberations. During the trial on the issue of damages, defendants offered the testimony of J.R. Ogburn. During direct examination, Ogburn was permitted to read the amount of real estate commissions charged by members of the Multiple Listing Service of the Raleigh Board of Realtors, as found on randomly selected pages of different volumes of the weekly listing booklets published by that organization. These booklets were marked as Defendants' Exhibits 1 through 33. The witness was also permitted to identify and

describe the listing agreement wherein plaintiffs granted defendants the exclusive right to sell their property for a 120-day period. This contract was marked as Defendants' Exhibit 34. During the witnesses' testimony, the court received into evidence Defendants' Exhibits 1 through 34. Finally, the witness identified and described a deed from plaintiffs to the Collinses conveying the property at 704 Fieldstone Court. The witness testified that the presence of revenue stamps in the amount of $56.00 upon the deed indicated a gross sale price of $56,000. The deed was marked as Defendants' Exhibit 35, but was not received into evidence.

At the conclusion of its charge to the jury, the court, over plaintiffs' objections, allowed the jurors to take Defendants' Exhibits 1 through 35 into the jury room during deliberations. It is well settled in this jurisdiction that without the consent of the parties, it is error to permit the jury to take exhibits into the jury room and to retain them during its deliberations. *Doby v. Fowler*, 49 N.C. App. 162, 270 S.E. 2d 532 (1980); *Brown v. Buchanan*, 194 N.C. 675, 140 S.E. 749 (1927). In *Watson v. Davis*, 52 N.C. 178, 181 (1859), our Supreme Court explained the reason for the rule as follows:

> "The jury ought to make up their verdict upon evidence offered to their senses, *i.e.*, what they see and hear in the presence of the court, and should not be allowed to take papers, which have been received as competent evidence, into the jury room, so as to make a comparison of handwriting, or draw any other inference which their imaginations may suggest, because the opposite party ought to have an opportunity to reply to any suggestion of an inference contrary to what was made in open court."

In view of this well settled principle as respects exhibits which have been received into evidence, it follows *a fortiori* that the trial court commits error when it permits the jury to retain in the jury room exhibits which have not been received into evidence. Because we believe that such action by the trial court prejudically affected plaintiffs' right to have the question submitted to the jury considered impartially, we sustain plaintiffs' assignment of error and grant plaintiffs a new trial on the issue of damages. The judgment appealed from is

Reversed in part and affirmed in part.

Judges ARNOLD and WELLS concur.