JAMES A. PITTMAN v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

No. 8516SC1037

(Filed 18 February 1986)

1. **Insurance § 136— fire insurance policy—no willful material misrepresentation**

In an action to recover on a fire insurance policy, the evidence was sufficient to support a jury finding that plaintiff did not knowingly and willfully make a material misrepresentation to defendant so as to void the policy under N.C.G.S. § 58-176(c) with regard to the contents of the closet where the first fire began, the amount of personal property lost in the fire, and plaintiff's whereabouts before and after the fire.

2. **Insurance § 136— fire insurance policy—claim for additional living expenses and damage to real property**

In an action to recover on a fire insurance policy, the trial court did not err in denying defendant's motion for directed verdict regarding plaintiff's claim for additional living expenses and for damage to real property on the ground that plaintiff did not present sufficient evidence to support the recoveries, since defendant stipulated to the costs of repairing the real property and failed to list the proper amount of real property damage compensation as a triable issue, and plaintiff offered evidence from which the jury could have reasonably found additional living expenses in the amount of $1,500.

APPEAL by defendant from *McKinnon, Judge*. Judgment entered 6 May 1985 in Superior Court, ROBESON County. Heard in the Court of Appeals 12 February 1986.

The parties to this action stipulated in a pre-trial order that on the night of 21 July 1982 and the morning of 22 July 1982 two fires caused $40,034.34 damage to real property owned by James and Mary Pittman and insured by Nationwide Mutual Fire Insurance Company. Plaintiff, James Pittman, asserted a claim under the insurance policy for $10,553.44 compensation for real property loss, more than $21,763.99 personal property loss and $5,932.00 additional living expenses due to the fire. Defendant refused to pay the claim on the grounds that "James A. Pittman intentionally set fire to the insured property and has misrepresented to Nationwide the facts and circumstances surrounding the loss as well as the estimated amount of the loss." Plaintiff then brought suit for the fire loss under the insurance contract and for libel and defamation. The trial court granted defendant's motion

for partial summary judgment as to the libel and defamation claim.

Defendant's evidence adduced during the trial of plaintiff's contract claim tends to show the following:

1) Plaintiff made misrepresentations as to the contents of the closet where the first fire began, the amount of personal property lost in the fire and his whereabouts before and after the fire. Plaintiff on three occasions, once under oath, stated that there was nothing in the closet except some bags of cotton, yet at trial plaintiff stated that newspapers used while cleaning painting and refinishing equipment with kerosene were left in the closet. Plaintiff listed as lost several items which were not lost including a $1,100 wood stove which plaintiff later sold for $500 and an $899 television set which plaintiff stated in a prior insurance claim was destroyed by lightning before the fire. In his sworn deposition, plaintiff testified that immediately prior to the first fire he had a date with a woman who failed to meet him. In answering an interrogatory plaintiff identified his date as Pat Trexler. At trial plaintiff stated that his date did meet him and her name was Connie Fore.

2) Plaintiff set the fires himself. Plaintiff had the opportunity to set both fires and was without an alibi witness to place plaintiff away from the scene. Defendant's expert witness testified that in his opinion the first fire was set by lighting a trail of kerosene which ran from near plaintiff's bedroom to kerosene soaked newspapers in a closet. Defendant's expert also testified that in his opinion the second fire was not caused by the first fire. Plaintiff was also behind in his mortgage payments at the time of the fire.

Plaintiff's evidence tends to show the following:

1) Plaintiff made no intentional misrepresentations. Plaintiff testified that he was told that the inventory forms he completed were not very important and that he was to list the replacement cost of all damaged property. He also testified that he had difficulty understanding the forms.

2) Plaintiff did not set the fires. Plaintiff summoned the fire department and attempted to put out the first fire. The

kerosene residues found at the scene were the result of refinishing the floors in the house. Plaintiff was driving around Robeson County at the time of the second fire. Plaintiff's estranged wife threatened to burn the house down. Plaintiff earned $30,000 per year and was in good financial standing at the time of the fire.

3) Plaintiff spent $2,611 in rent since his house burned and lost $21,763.99 in personal property.

From a judgment for plaintiff entered on a jury verdict, defendant appealed.

*Musselwhite, Musselwhite & McIntyre, by W. Edward Musselwhite, Jr., for plaintiff, appellee.*

*Moore, Ragsdale, Liggett, Ray & Foley, by Peter M. Foley, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant contends the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict on the grounds that the evidence established as a matter of law that plaintiff made willful and material misrepresentations to defendant insurance company. We disagree.

G.S. 58-176(c) governs defendant's affirmative defense of material misrepresentation. The statute, in pertinent part, provides:

This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

To prove the G.S. 58-176(c) misrepresentation defense, defendant must show that the insured made statements that were: 1) false; 2) knowingly and willfully made; and 3) material. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E. 2d 333 (1985).

Defendant's motion for directed verdict and its motion for judgment notwithstanding the verdict raised the identical question. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E. 2d 559 (1981). The question raised is whether the plaintiff's evidence, when taken as true and considered in the light most favorable to the plaintiff, was insufficient as a matter of law to justify a verdict for the plaintiff. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976). Stated another way, the question raised is whether "the evidence was of such a character that reasonable men could form divergent opinions of its import, thereby justifying submission of the issues to the jury." *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 371, 329 S.E. 2d 333, 339 (1985).

A review of the evidence relating to the issue of defendant's misrepresentation defense demonstrates that the evidence, when viewed in the light most favorable to plaintiff, the non-movant, was sufficient to support a jury finding that plaintiff did not knowingly and willfully make a material misrepresentation to the insurance company so as to void the policy under G.S. 58-176(c). The jury could have reasonably concluded that plaintiff's statements regarding who he was with prior to the fire did not influence defendant's decisions in investigating, adjusting or paying the claim and were therefore not material. The jury could have believed plaintiff when he testified that he forgot that the newspapers used to clean painting and refinishing equipment were in the closet. The jury also could have believed plaintiff when he explained his confusion concerning what property was damaged by fire and how he was supposed to complete the property loss form.

Defendant next assigns error to the trial court's denial of its Rule 59 motion "to set aside the verdict or in the alternative to require a remittitur." The courts of the State of North Carolina have no authority to grant remittiturs without the consent of the prevailing party. *Bethea v. Kenly*, 261 N.C. 730, 136 S.E. 2d 38 (1964). Failing to do that which the trial court has no authority to do is hardly an abuse of discretion.

An appellate court's review of a trial judge's discretionary ruling denying a motion to set aside a verdict and order a new trial is limited to a determination of whether the record clearly demonstrates a manifest abuse of discretion by the trial judge. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290

S.E. 2d 599 (1982). The record in the present case demonstrates no such abuse of discretion.

[2] Defendant's final contention on appeal is that the trial court erred in denying appellant's motion for directed verdict regarding plaintiff's claim for additional living expenses and for damage to real property on the grounds that plaintiff did not present sufficient evidence to support the recoveries. Defendant argues that the insurance policy requires compensation based upon actual cash value and that no evidence of actual cash value was submitted. In the pretrial order, defendant stipulated to the cost of repair and made a list of triable issues which included the proper amount of personal property damage compensation and additional living expenses but did not include the proper amount of real property damage compensation. We hold that by stipulating to the costs of repairing the real property and failing to list the proper amount of real property damage compensation as a triable issue, defendant waived jury trial on this issue. Therefore, the trial court did not err in denying defendant's directed verdict motion pertaining to real property damage.

The trial court also did not err in denying defendant's directed verdict motion regarding additional living expenses. Plaintiff put on evidence from which the jury could have reasonably found additional living expenses in the amount of $1,500.

All of defendant's assignments of error are overruled. In the trial we find no prejudicial error.

No error.

Judges WEBB and PARKER concur.