ANNETTE M. GARDNER, PLAINTIFF v. ROBERT C. HARRISS AND THOMAS HARRISS
D/B/A SATELLITE ATLANTIC TV, DEFENDANTS

No. COA95-984

(Filed 18 June 1996)

**Discovery and Depositions § 67 (NCI4th)— failure to comply with discovery—remittitur inappropriate sanction**

In an action to recover for injuries sustained by plaintiff when she slipped and fell on defendants' premises, the trial court properly recognized that defendants were prejudiced by plaintiff's failure to comply with discovery; however, the trial court abused its discretion when it decided to remit a portion of the verdict rather than granting defendants' motion for a new trial.

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

Judge WYNN concurring.

Appeal by both parties from judgment entered 16 February 1995 and signed by consent out of session 20 March 1995 by Judge Donald W. Stephens in Chatham County Superior Court. Heard in the Court of Appeals 24 April 1996.

*Mark T. Sheridan for plaintiff-appellee.*

*Alexander & Miller, P.A., by Sydenham B. Alexander, Jr. and Stephen B. Miller, for defendants-appellants.*

WALKER, Judge.

Defendants Robert C. Harriss and Thomas Harriss own and operate Satellite Atlantic TV, a company that manufactures and sells satellite equipment. Robert C. Harriss and his wife own the property on which the company is located. In April 1986, plaintiff was hired by the company to work as an office manager. Plaintiff alleges that on 27 January 1989, she slipped and fell on the company's warehouse floor because of a spill near the pipe cutting machinery. On 14 October 1993, plaintiff instituted this negligence action for back injuries she sustained as a result of the slip and fall. In response, defendants denied liability for plaintiff's injuries.

Prior to trial the defendants made several discovery requests. Defendants filed the first motion to compel when plaintiff failed to

GARDNER v. HARRISS

[122 N.C. App. 697 (1996)]

respond to a set of interrogatories and a request for the production of documents. The trial court granted such motion and ordered plaintiff to comply with defendants' discovery request within 30 days. While plaintiff did respond, defendants contend that the answers were incomplete and lacked verification. Thereafter, defendants filed a second motion to compel discovery and impose sanctions. The trial court ordered plaintiff to comply with defendants' discovery requests and to pay $500.00 in sanctions. Defendants contend that plaintiff's responses remained incomplete.

On the first day of trial, newly discovered evidence revealed that plaintiff failed to disclose information that she had received treatment for a prior back injury resulting from an automobile accident. For this reason, defendants moved to exclude portions of plaintiff's case which they argued unfairly prejudiced them, which motion was denied.

Plaintiff offered the videotaped testimony of Dr. Stephen Montgomery who opined that plaintiff suffered from degenerative disc disease which was caused by her fall at the warehouse. Dr. Montgomery based his opinion in large part on the absence of any prior related back injuries. At the conclusion of plaintiff's evidence, defendants made a motion for directed verdict. The court granted the motion only with respect to the owners of the premises.

Subsequently, during its deliberations, the jury requested to view certain photographs of the warehouse, specifically plaintiff's exhibits 2-7. Over the defendants' objection, the jury was permitted to view this evidence in the jury room. The jury returned a verdict in favor of the plaintiff on the issues of negligence and contributory negligence and awarded plaintiff $25,000 in damages.

Defendants then moved for a judgment notwithstanding the verdict and a new trial, which motions were denied. In lieu of granting a new trial, the court remitted $17,000 of the verdict as sanctions for plaintiff's earlier discovery violations.

We first address defendants' argument that the trial court erred in determining appropriate sanctions for plaintiff's willful failure to comply with discovery. Specifically, defendants argue that the trial court abused its discretion in deciding to remit a portion of the verdict in lieu of granting a new trial because of plaintiff's failure to comply with discovery.

GARDNER v. HARRISS

[122 N.C. App. 697 (1996)]

It is well established that the trial courts in this State have no authority to grant remittitur without the consent of the prevailing party. *Pittman v. Nationwide Mutual Fire Ins. Co.*, 79 N.C. App. 431, 434, 339 S.E.2d 441, 444, *disc. review denied*, 316 N.C. 733, 345 S.E.2d 391 (1986). While plaintiff did not consent to the remittitur, she now argues that the trial court did not abuse its discretion by failing to order a more severe sanction.

Rule 37 grants the trial judge discretion to impose sanctions upon a party for failure to comply with discovery processes. *Willoughby v. Wilkins*, 65 N.C. App. 626, 643, 310 S.E.2d 90, 101 (1983), *disc. review denied*, 310 N.C. 631, 315 S.E.2d 698 (1984). According to this rule:

> If a party ... fails ... (iii) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule.

N.C. Gen. Stat. § 1A-1, Rule 37(d)(iii) (1990).

Remittitur is not, however, an enumerated sanction provided under Rule 37. While the sanction provisions permit the imposition of non-enumerated sanctions, the choice of sanctions must be "just" under the circumstances of each case. *Bumgarner v. Reneau*, 332 N.C. 624, 631, 422 S.E.2d 686, 690 (1992). Further, the

> "[i]mposition of sanctions that are directed to the outcome of the case, such as dismissals, default judgments, or preclusion orders, are reviewed on appeal from final judgment, and while the standard of review is often stated to be abuse of discretion, the most drastic penalties, dismissal or default, are examined in the light of *the general purpose of the Rules to encourage trial on the merits*."

*Imports Inc. v. Credit Union*, 37 N.C. App. 121, 124, 245 S.E.2d 798, 800 (1978) (*quoting* 4A *Moore's Federal Practice*, §§ 37.08 at 37-112, 113) (emphasis added).

In the present case, the plaintiff's failure to reveal information concerning prior back injuries resulted in defendants being disadvantaged as such information was crucial to the question of causation. Furthermore, Dr. Montgomery relied heavily on the absence

of any prior back condition when forming his opinion that plaintiff's injury was work-related. Plaintiff's failure to comply with discovery requests prevented defendants from adequately challenging this testimony.

The trial court recognized that defendants were prejudiced by plaintiff's failure to comply with discovery. However, rather than granting plaintiff's motion for a new trial based on newly discovered evidence pursuant to Rule 59, the trial court attempted to effect a remedy by ordering a remittitur. Such a remedy did not ensure a trial on the merits and was not "just" under the circumstances of this case. Therefore, the trial court abused its discretion when it decided to remit a portion of the verdict rather than granting defendants' motion for a new trial. Accordingly, we reverse the trial court's decision and remand the case for a new trial.

Defendant also argues that the trial court erred by allowing the jury to view photographs of the warehouse, admitted into evidence for illustrative purposes, in the jury room over the defendants' objection. It is well established in this State that it is error to permit the jury to view exhibits in the jury room absent the parties' express consent. *State v. Stephenson*, 218 N.C. 258, 265, 10 S.E.2d 819, 824 (1940); *Doby v. Fowler*, 49 N.C. App. 162, 163, 270 S.E.2d 532-533 (1980).

However, this Court has held that the complaining party is not entitled to a new trial absent a showing that the error was prejudicial. *Robinson v. Seaboard System Railroad*, 87 N.C. App. 512, 528, 361 S.E.2d 909, 919 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988). This rule is entirely consistent with N.C. Gen. Stat. § 1A-1, Rule 61, which provides that an error may not be the basis for awarding a new trial unless it amounts to the denial of a substantial right. N.C. Gen. Stat. § 1A-1, Rule 61 (1990). In this case, however, we need not decide whether the defendant was prejudiced by the fact that the jury was permitted to view the photographs in the jury room, since we have already determined that the defendant is entitled to a new trial and this error is not likely to occur at retrial.

New trial.

Judge JOHNSON concurs.

Judge WYNN concurs in a separate opinion.

**GARDNER v. HARRISS**

[122 N.C. App. 697 (1996)]

Judge WYNN concurring.

I agree with the majority that a new trial is warranted in this case but on different grounds.

In the case *sub judice*, the plaintiff introduced photographs to assist her in describing her pathway through the warehouse. The trial judge limited their admissibility to illustrative purposes in the absence of authenticating testimony. Later, the trial court permitted the jury to view the photographic evidence in the jury room over the defendant's objection. This was error.

Our Supreme Court has held that without the consent of parties, it is error to permit the jury to take evidence into the jury room. *State v. Stephenson*, 218 N.C. 258, 10 S.E.2d 819 (1940). Juries are believed to be impartial when they base their verdict solely on what they see and hear in court. *State v. Caldwell*, 181 N.C. 519, 106 S.E. 139 (1921). Allowing them to conduct a private investigation, thereby making inferences contrary to those made in court, denies counsel an opportunity to reply to the improper inferences. *Doby v. Fowler*, 49 N.C. App. 162, 270 S.E.2d 532 (1980). Moreover, it is well established that it is error to allow jury room viewing of exhibits not received into evidence. *Collins v. Ogburn Realty Co., Inc.*, 49 N.C. App. 316, 271 S.E.2d 512 (1980) (holding that the trial court committed error by permitting the jury to retain exhibits which have been marked but not admitted).

In the instant case, Satellite objected to the jury's request to view the photographic exhibits in the jury room because of the strong possibility that a private viewing of unauthenticated exhibits would have an effect on the jury's impartiality. At trial, plaintiff neither testified as to the accuracy of the photographs nor to whether significant changes had occurred between the time of the incident and the time the photographs were made. As such, the trial court limited their admissibility to *illustrative purposes only*.

Because of the consent rule and the nature of the evidence in the case before us, I would award a new trial.