HARRY J. REAVES AND SHELIA REAVES, PLAINTIFFS v. JEROME NATHANIEL HAYES, DEFENDANT

No. COA04-1732

(Filed 1 November 2005)

**1. Contracts— construction of driveway—consent judgment—specifications—not dependent covenants**

So long as defendant's ability to use a driveway built to benefit both parties is not adversely affected, specifications regarding the location of a driveway and the types of rock comprising the driveway cannot be construed as dependent covenants (which are indispensable to the parties' intent). The trial court did not err by allowing recovery from defendant for the cost of the driveway despite deviations from the consent order which required its construction.

**2. Judgments— consent—construction of driveway—value of plaintiff's labor**

A consent order for the building of a driveway to benefit both parties did not permit plaintiff, who had worked in the business, to charge defendant for the value of his services in building the driveway. Read in context, the term "labor costs" includes only hired labor.

Appeal by plaintiffs and defendant from judgment entered 26 April 2004 by Judge Andy Cromer in Guilford County Superior Court. Heard in the Court of Appeals 14 September 2005.

*Mercedes O. Chut for plaintiff appellants-appellees.*

*William G. Barbour for defendant appellant-appellee.*

McCULLOUGH, Judge.

Plaintiffs appeal from a judgment in which the trial court remitted a jury verdict against defendant for costs associated with the construction of a driveway and denied plaintiffs' request for attorneys fees. Defendant appeals from the portion of the judgment fixing his liability. We conclude that the trial court misinterpreted the agreement which establishes defendant's liability such that a new trial is required.

## FACTS

Plaintiffs, Harry J. Reaves (hereinafter "Reaves") and his daughter, Shelia Reaves, and defendant, Jerome Nathaniel Hayes (hereinafter "Hayes"), are the record owners of real property located on or near Miltonwood Road in Guilford County, North Carolina. Prior to 21 September 1990, the Reaveses' property had access to a public right of way, and Hayes' property did not. A consent order entered on 21 September 1990 granted Hayes a twelve-foot-wide access easement across the Reaveses' property and granted the Reaveses a twelve-foot-wide access easement along the southern boundary of Hayes' property. The consent order further provided that

> 6. . . . [Hayes] shall be responsible and liable for the expenses incurred in the construction of a 6 inch crush and run driveway along the access easement to the southwest corner of his property for the mutual benefit of [Hayes] and the . . . Reaves[es], including any surveying costs involved in locating the exact path of the easement.

> . . . .

> 8. If [Hayes] fails to build the driveway as described . . . and the . . . Reaves[es] construct the driveway[,] they shall be entitled to a lien against the property of [Hayes] for the entire amount expended for the construction of this driveway, including, but not limited to, surveying costs, grading costs, materials costs and

labor costs, and enforceable pursuant to the North Carolina Statutory Liens on Real Estate general statutes.

Reaves ultimately built the driveway himself, and thereafter, he and his daughter filed suit against Hayes for, *inter alia,* construction costs in the amount of $25,675.

The evidence adduced at trial tended to show that, before retiring, Reaves had worked in grading and clearing land and constructing driveways, and that he had fastidiously attended to the building of the driveway in the instant case. According to Reaves, he spent approximately 700 hours clearing and grading the land, preparing the soil, building a base, and installing stone. Reaves sought $18,850 as payment for his own labor, based on an estimate of the cost of completing the driveway submitted to Reaves by a company that specializes in grading, clearing, and grubbing land.

Though the consent judgment provided for the use of "crush and run," Reaves instead used sandrock as a base for the driveway. The evidence showed that sandrock was less expensive than crush and run. Further, Reaves placed washed stone rather than crush and run on top of the base. Reaves testified that an applicable city code required the use of washed stone as opposed to crush and run, and washed stone was less expensive than crush and run.

The jury rendered a verdict against Hayes for $21,500. The trial court remitted $2,975 from this verdict and entered a judgment for $18,525 against Hayes. The trial court denied the Reaveses' motion for attorneys fees. Both parties now appeal.

I.

[1] The first issue for our consideration is whether the trial court erred by allowing recovery for a non-conforming driveway. Hayes argues that Reaves and his daughter are entitled to recover nothing because, *inter alia,* the location of the driveway does not correspond to the location of Hayes' easement, and Reaves substituted sandrock and washed stone for the crush and run required by the consent order. We conclude that Reaves' deviations from the consent order do not necessarily justify excusing Hayes from his obligations under the parties' agreement.

"A consent judgment is a contract between the parties entered upon the records of the court with the approval and sanction of a court of competent jurisdiction. It is construed as any other con-

tract." *Mullen v. Sawyer*, 277 N.C. 623, 629, 178 S.E.2d 425, 428 (1971). Thus, a consent judgment "must be enforced according to contract principles." *Helms v. Schultze*, 161 N.C. App. 404, 409, 588 S.E.2d 524, 527 (2003). Under contract law, if there are two parties to a construction contract, and one party's performance is substantial and beneficial to the other party, yet fails to completely comply with the parties' agreement, then the other party is not necessarily entitled to avoid the contract. *Poe & Co. v. Brevard*, 174 N.C. 762, 765, 94 S.E. 420, 421 (1917). In such cases, the outcome hinges on whether the incomplete performance constitutes a breach of a dependent covenant of the agreement:

> "A covenant is dependent where it goes to the whole considera-
> tion of the contract; where it is such an essential part of the bar-
> gain that the failure of it must be considered as destroying the
> entire contract; or where it is such an indispensable part of what
> both parties intended that the contract would not have been
> made with the covenant omitted. A breach of such a covenant
> amounts to a breach of the entire contract; it gives to the injured
> party the right to sue at law for damages, or courts of equity may
> grant rescission in such instances if the remedy at law will not be
> full and adequate."

*Wilson v. Wilson*, 261 N.C. 40, 43, 134 S.E.2d 240, 242-43 (1964) (cita-
tions omitted).

In the instant case, paragraph six of the consent order contains Hayes' agreement to be "responsible and liable for the expenses incurred in the construction of a 6 inch crush and run driveway along the access easement to the southwest corner of his property." The dependent covenant upon which Hayes' liability hinges is the installation of a useable driveway. So long as Hayes' ability to make full use of the driveway is not adversely affected, the specifications regarding the location of the driveway and the types of rock which comprise it cannot be construed as dependent covenants.[1] Hayes has not filed a counterclaim for breach of contract by Reaves, has not sought relief from the consent order, and has not alleged that

---

1. We note, however, that because the consent order specifies that "crush and run" shall be used, Hayes may not be required to pay for a more costly material chosen on a whim by Reaves. *See Robbins v. Trading Post, Inc.*, 251 N.C. 663, 666, 111 S.E.2d 884, 887 (1960) (noting that, in a " 'construction contract[,] . . . a party is entitled to have what he contracts for or its equivalent' ") (citation omitted). Likewise, if Reaves in fact chose an improper location for the driveway, such action standing alone did not change the agreed-to location of Hayes' easement. *See id.*

Reaves' failure to install the driveway in the proper place and with the correct materials has entirely deprived him of what he bargained for: a useable driveway.

Therefore, the trial court was not compelled to conclude that Hayes should be relieved of his obligation to pay the amount expended to build the driveway. The corresponding assignments of error are overruled.

## II.

[2] The next issue is whether the trial court misinterpreted the consent order when it permitted Reaves and his daughter to recover the value of Reaves' services in installing the driveway. Hayes argues that Reaves' labor is not recoverable under the plain and unambiguous language of the consent order. We agree.

As a consent order is merely a court-approved contract, it is "subject to the rules of contract interpretation." *Walton v. City of Raleigh*, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996). The proper interpretation of a contractual provision presents a question of law, which is reviewed *de novo* by this Court. *Sears Roebuck & Co. v. Avery*, 163 N.C. App. 207, 211, 593 S.E.2d 424, 428 (2004). In interpreting a contract, our courts adhere to the following principles:

> "[T]he goal of construction is to arrive at the intent of the parties when the [contract] was [written]. Where a [contract] defines a term, that definition is to be used. If no definition is given, non-technical words are to be given their meaning in ordinary speech, unless the context clearly indicates another meaning was intended. The various terms of the [contract] are to be harmoniously construed, and if possible, every word and every provision is to be given effect. . . . [I]f the meaning of the [contract] is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein."

*Gaston County Dyeing Machine Co. v. Northfield Ins. Co.*, 351 N.C. 293, 299-300, 524 S.E.2d 558, 563 (2000) (citations omitted).

In the instant case, paragraph eight of the consent order only subjects Hayes to liability for "the entire amount expended for the construction of th[e] driveway, including, but not limited to, sur-

veying costs, grading costs, materials costs and labor costs." None of these terms is further defined. Thus, each word must be construed in accordance with its ordinary meaning and in light of the given context.

The word "amount," as it is used in the consent order, is synonymous with the word "sum," which most often means "an indefinite or specified amount of money." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED 72, 2289 (1968). The verb "expend," which is expressed in the past tense as "expended," means "to pay out or distribute" and is synonymous with the word "spend." *Id.* at 799. Consequently, in the provision at issue, the plain and unambiguous meaning of the phrase "amount expended" is "money paid out." Further, the consent judgment is structured such that "labor costs" are a subset of the "amount expended." Therefore, read in context, the term "labor costs" includes only hired labor.

Accordingly, the consent order does not permit Reaves to charge Hayes for the value of his services, and the trial court erred by construing the consent order to the contrary. Thus, Hayes is entitled to a new trial.

## III.

Our resolution of the issue discussed in section II, *supra*, makes it unnecessary to address the parties' remaining arguments on appeal. We note, however, that this opinion should not be taken as suggesting that the method by which Reaves sought to prove the value of his services was sufficient to prove this item of alleged damages with reasonable certainty. *Olivetti Corp. v. Ames Business Systems, Inc.,* 319 N.C. 534, 547-48, 356 S.E.2d 578, 586 ("As part of its burden, the party seeking damages must show that the amount of damages is based upon a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty."), *reh'g denied,* 320 N.C. 639, 360 S.E.2d 92 (1987); *Whiteside Estates, Inc. v. Highlands Cove, L.L.C.,* 146 N.C. App. 449, 462, 553 S.E.2d 431, 440 (2001) (noting that the claiming party must present relevant data providing a basis for a reasonable estimate), *disc. review denied,* 356 N.C. 315, 571 S.E.2d 220 (2002). Furthermore, this opinion should not be read as condoning the trial court's decision to remit the jury's verdict without the Reaveses' consent. *Gardner v. Harriss,* 122 N.C. App. 697, 699, 471 S.E.2d 447, 449 (1996) ("It is well established that the trial courts in this State have no authority to grant remittitur without the consent of the prevailing party.").

The trial court's judgment is vacated, and this case is remanded for a

New trial.

Judges McGEE and JACKSON concur.